JAMES L. DAY (WSBA #20474)
CHRISTINE M. TOBIN-PRESSER (WSBA #27628)
JASON WAX (WSBA #41944)
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
Tel (206) 292-2110
Emails: jday@bskd.com, ctobin@bskd.com, jwax@bskd.com

HONORABLE FREDERICK P. CORBIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>1 MIN LLC; HOTEL AT SOUTHPORT LLC; and TWELFTH FLOOR, LLC,<br><br>Debtors. | Chapter 11<br><br>Lead Case No. 24-01519<br><br>(Jointly Administered)<br><br>DEBTOR'S MOTION FOR ORDER ESTABLISHING PROCEDURES FOR INTERIM PAYMENT OF FEES AND COSTS TO PROFESSIONALS |

1 Min LLC ("EB-5 Debtor"); Hotel at Southport LLC ("Hotel Debtor"); and Twelfth Floor, LLC ("Mezz Debtor") (each a "Debtor" and collectively, the "Debtors"), debtors and debtors in possession in the above-captioned cases (the "Chapter 11 Cases"), by and through their undersigned proposed attorneys, move the Court for entry of an order establishing procedures for interim payment of fees and costs to professionals whose retention by the Debtors and the Committee of Unsecured Creditors (the "Committee"), if one is appointed, has been approved by the Court (individually,

MOTION FOR ORDER APPROVING INTERIM
PAYMENT PROCEDURES – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

24-01519-FPC11    Doc 73    Filed 10/08/24    Entered 10/08/24 12:57:28    Pg 1 of 7

"Professional" and collectively, "Professionals") (the "Motion"). This Motion is based on the files and records in this case and is supported by the accompanying Declaration of James L. Day (the "Day Declaration").

**JURISDICTION, VENUE, AND STATUTORY BASIS**

This court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408-09. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). The statutory basis for the relief sought in this Motion is 11 U.S.C. §§ 105(a), 330, and 331, as well as Federal Rule of Bankruptcy Procedure 2016.

## I. BACKGROUND

The Debtors commenced these Chapter 11 cases on September 20, 2023 (the "Petition Date") and are operating their businesses and managing their affairs as debtors-in-possession under 11 U.S.C. §§ 1107(a) and 1108. A detailed discussion of the Debtors' business operations and events leading up to these Chapter 11 Cases is set forth in the *Declaration of Michael Chris in Support of First-Day Motions* [ECF No. 7].

## II. RELIEF REQUESTED

The Debtors respectfully request entry of an order pursuant to 11 U.S.C. §§ 105(a), 330, and 331, as well as Federal Rule of Bankruptcy Procedure 2016, establishing procedures for the interim payments of fees and costs to professionals retained by the Debtors or any committee appointed pursuant to 11 U.S.C. § 1102 and approved by the court.

///

///

MOTION FOR ORDER APPROVING INTERIM PAYMENT PROCEDURES – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

24-01519-FPC11  Doc 73  Filed 10/08/24  Entered 10/08/24 12:57:28  Pg 2 of 7

## III. ARGUMENT AND AUTHORITY

This is a significant case that, although the Debtors hope and anticipate will be short-lived, has a number of moving parts. As a result, Bush Kornfeld anticipates that the Professionals will devote substantial amounts of time and energy to this bankruptcy case and incur, collectively, significant fees and costs each month, consistent with the cash collateral budget. Bush Kornfeld further anticipates that the Professionals will of necessity forgo other work that would pay on a monthly basis. The Professionals generally depend on monthly cash flow to pay ongoing salaries and expenses. Accordingly, the Debtors bring this motion on behalf of all Professionals so that they will not have to wait for a protracted period of time to receive any partial payment for their services.

### A. Proposed Payment Procedures

The Debtors request that Professionals be authorized to obtain, on a monthly basis, reimbursement for (i) all costs and expenses, and (ii) payment of eighty percent (80%) of their fees (together, an "Interim Payment") consistent with the rates and terms described in the declarations submitted in support of the Professionals' applications for employment pursuant to the following procedures (the "Interim Payment Procedures"). Each Professional would be authorized to receive an Interim Payment ten (10) days after sending a billing statement to (a) the Debtors; (b) the office of the U.S. Trustee; (c) the holders of the twenty (20) largest unsecured claims—until appointment of a Committee—and then to counsel for the Committee or, if one has not been employed, the members of the Committee; and (d) counsel who have requested electronic notice (each, a "Notified Party"). If a Notified Party objects, the Professional would be

MOTION FOR ORDER APPROVING INTERIM
PAYMENT PROCEDURES – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

24-01519-FPC11    Doc 73    Filed 10/08/24    Entered 10/08/24 12:57:28    Pg 3 of 7

authorized to seek an order approving payment of its fees and costs on ten (10) days' notice to each Notified Party.

Each Professional would thereafter be required to submit and set for hearing on full notice a fee application pursuant to 11 U.S.C. §§ 330 or 331, at which time all parties in interest would have the opportunity to object to the final allowance of any Interim Payments that each Professional has received, not more often than every one hundred twenty (120) days.

**B.    Analysis**

In *United States Trustee v. Knudsen Corp.*, 84 B.R. 668 (9th Cir. BAP 1988), the Ninth Circuit Bankruptcy Appellate Panel held that it is appropriate to approve a fee payment and application procedure that permits periodic post-petition payments where the following four conditions are met:

1. The case is an unusually large one where an exceptionally large amount of fees accrues each month;

2. An undue hardship would be placed on the professional if he or she were forced to wait an extended period of time for payment;

3. The professional has the ability to respond to any reassessment; and

4. The payment procedure is the subject of a noticed hearing prior to any payment under the procedure.

*Id.* at 672.

Courts in the Ninth Circuit have since recognized that the establishment of *Knudsen* interim payment procedures may often be necessary today, whereas this was

MOTION FOR ORDER APPROVING INTERIM PAYMENT PROCEDURES – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

24-01519-FPC11    Doc 73    Filed 10/08/24    Entered 10/08/24 12:57:28    Pg 4 of 7

not the case when the Bankruptcy Code was enacted in 1978. As one court explained:

> The provision for hearings every 120 days was intended to – and did – put bankruptcy counsel on essentially the same payment schedule as other lawyers. In 1978, when the Code was enacted, attorneys customarily billed their clients on a quarterly basis. Times have changed. Lawyers now run their practices in a more business-like fashion. Computerization has simplified and speeded the billing process. As widely documented in the legal press, the billing cycle has shifted to monthly statements. The 120-day provision of Section 331, intended to be a help to lawyers in 1978, has become a straight-jacket for the lawyers of the '90s. Thus, even payments every 120 days no longer compensate bankruptcy attorneys on a fully equivalent basis with their non-bankruptcy colleagues.

*In re Commercial Consortium of California*, 135 B.R. 120, 123-124 (Bankr. C.D. Cal. 1991). Here, the establishment of the proposed interim payment procedures will ensure that the Professionals will not have to wait for quarterly payments and that all Professionals will be treated equally.

Since *Knudsen*, courts in the Ninth Circuit have, in large and complex cases, allowed professionals to be compensated on an interim basis, provided that fees and costs are subject to final review and a hearing. For example, in *In re County of Orange*, 179 B.R. 195, 198-99 (Bankr. C.D. Cal. 1995), interim payment procedures similar to those in *Knudsen* were implemented in a Chapter 9 setting, whereby certain committee and subcommittee professionals would be paid more frequently than every 120 days. *See also In re Home Express, Inc.*, 213 B.R. 162 (Bankr. N.D. Cal. 1997) (court approved payment procedure whereby chapter 11 professionals were paid fees on a monthly basis by the debtor-in-possession, assuming the fees were acceptable); *In re Lotus Properties, LP*, 200 B.R. 288, 398 (Bankr. C.D. Cal. 1996) (finding that the message behind *Knudsen* and the intent of the U.S. Trustee Guidelines were satisfied by allowing counsel to utilize

MOTION FOR ORDER APPROVING INTERIM
PAYMENT PROCEDURES – Page 5

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

24-01519-FPC11    Doc 73    Filed 10/08/24    Entered 10/08/24 12:57:28    Pg 5 of 7

the proposed fee statement procedure during the initial postpetition period); and *In re Commercial Consortium of California*, 135 B.R. 120 (Bankr. C.D. Cal. 1991) (interim Chapter 7 trustee fees appropriate where funds are available and closing is not imminent).

The procedures proposed in this Motion meet each of the *Knudsen* requirements. First, as described above, this is a large case that will require substantial work by the Professionals employed by the Debtors and the Committee (if one is appointed). Professionals' fees and costs, including fees and costs that will be incurred by any Committee counsel, have been taken into account and incorporated into the Debtor's cash collateral budget.

Second, forcing the Professionals to wait a prolonged period of time for payment would work an undue hardship on them. While the hardship may vary with respect to each Professional, it would be appropriate to treat all Professionals in an equal manner, including those employed by a Committee. Due to the size of this case, the Professionals will likely be required to devote substantial time and energy to the case, which may require them to forgo other work that would pay on a monthly basis. The secured lender has already agreed to a carveout in favor Professionals, so funds will be available for Interim Payments prior to the closing of a sale of the Hotel, which might not occur until at least mid-January 2025.

Third, the Professionals have the ability to respond to a potential reassessment or disgorgement by the Court. In *Knudsen*, the BAP held that "[i]f the funds are recoverable and if adequate opportunity for review of detailed fee requests is provided, the court's control over the funds is not diminished." Here, the Professionals' submission of monthly reports and fee applications for hearing by the court not less frequently than

MOTION FOR ORDER APPROVING INTERIM
PAYMENT PROCEDURES – Page 6

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

24-01519-FPC11    Doc 73    Filed 10/08/24    Entered 10/08/24 12:57:28    Pg 6 of 7

every one hundred twenty (120) days would provide adequate opportunity to review.

Fourth, this Motion and the payment and noticing procedures it proposes to establish are the subject of a noticed hearing.

## CONCLUSION

The proposed interim fee procedures comply with the *Knudsen* requirements and are reasonable and appropriate. Based on the foregoing, the Debtors respectfully request that the court enter an order authorizing monthly reimbursement of costs and payment of fees to Professionals are described in this Motion.

DATED this 8th day of October, 2024.

> BUSH KORNFELD LLP
>
> By  */s/ Jason Wax*
>   James L. Day, WSBA #20474
>   Christine M. Tobin-Presser #27628
>   Jason Wax, WSBA #41944
>   Proposed Attorneys for the Debtors

MOTION FOR ORDER APPROVING INTERIM
PAYMENT PROCEDURES – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

24-01519-FPC11    Doc 73    Filed 10/08/24    Entered 10/08/24 12:57:28    Pg 7 of 7