Jeremy E. Roller, WSBA No. 32021
ARETE LAW GROUP PLLC
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jroller@aretelaw.com

Matthew J. Livingston, Esq.*
Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119
Phone: (212) 858-9982
mlivingston@reidwise.com
*Admitted Pro Hac Vice

Attorneys for EB-5 Plaintiffs

HONORABLE FREDERICK P. CORBIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>1 MIN, LLC; HOTEL AT SOUTHPORT, LLC; and TWELFTH FLOOR, LLC,<br><br>Debtors. | Chapter 11<br><br>Lead Case No. 24-01519<br><br>(Jointly Administered)<br><br>**LIMITED OBJECTION TO JOINT PLAN & DISCLOSURE STATEMENT & RESERVATION OF RIGHTS** |

Plaintiffs Lan Cai, Shujie Chen, Tianran Chen, Weijun Chen, Jie Chu, Zhaojun Cong, He Cui, Jianying Ding, Jichun Du, Qing Du, Jieying Feng, Yupeng Gao, Yiran Han, Jinyang Hu, Naixin Hu, Xiao Huang, Junmei Jin, Xin Meng, Weihong Lu, Yuanyuan Ma, Min Pan, Lei Pei, Hao Qi, Xiao Rong, Juan Shao, Hui Wang, Jingyi Wang, Yuquan Wang, Zidong Wang, Rongrong Wu, Zhaohui Xu, Qi Xu, Jie Yan, Ke

EB-5 PLAINTIFFS' LIMITED OBJECTION TO JOINT PLAN
AND DISCLOSURE STATEMENT & RESERVATION OF
RIGHTS
No. 24-01519 – Page 1



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

24-01519-FPC11   Doc 98   Filed 10/31/24   Entered 10/31/24 14:08:06   Pg 1 of 9

Yang, Qin Yang, Hongyun Yu, Shuxian Zeng, Xiaohong Zhang, Ying Zhao, Minbo Zhou, Nan Zhou, Huiqing Zhu, Ziling Zeng, Luyi Zhang, Jundi Liang, Tao Li, Yun Cai, Hongliang Tang, Jie Tang, Wenlung Chen, Shi Zhang, Jun Che, Dahe Zhang, Shan Wan, Xiaohong Sun, Yan Lyu a/k/a Yan Lu, Wenyan Wang, Jialin Tian, and Rui Tang, (collectively, the "EB-5 Plaintiffs"), plaintiffs in Case No. 24-2-04850-2 filed prior to the Petition Date in the Superior Court of the State of Washington, King County against each of the Debtors in the above-captioned cases, hereby file this Limited Objection to the Joint Plan and Disclosure Statement & Reservation of Rights (the "Limited Objection") for the express purposes of ensuring adequate reserves are established under the Debtors' proposed Joint Plan of Reorganization (the "Plan") [ECF No. 9]. At the time of the filing of this Limited Objection, and assuming no substantive changes are made to the proposed Plan, the EB-5 Plaintiffs are not objecting to the terms of the proposed sale as set forth in the Plan, including the proposed sale price and timeline. However, the EB-5 Plaintiffs have valuable claims against each Debtor that are unlikely to be liquidated prior to the proposed sale closing and therefore require adequate protection of their claims via the establishment of sufficient reserves at all three Debtors to satisfy any ultimately Allowed Claims held by the EB-5 Plaintiffs against the Debtors. Without these sufficiently funded disputed claim reserves, the proposed Plan is unconfirmable as it would unfairly discriminate against the EB-5 Plaintiffs and violate Bankruptcy Code §1129(b)(1).

## I. FACTUAL BACKGROUND & EB-5 LITIGATION

EB-5 Plaintiffs are fifty-nine (59) foreign investors who invested $500,000 to become limited partners in Southport Hotel EB-5 LP (the "EB-5 Partnership") and seek

EB-5 PLAINTIFFS' LIMITED OBJECTION TO JOINT PLAN AND DISCLOSURE STATEMENT & RESERVATION OF RIGHTS
No. 24-01519 – Page 2

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

24-01519-FPC11    Doc 98    Filed 10/31/24    Entered 10/31/24 14:08:06    Pg 2 of 9

legal immigration status through this investment and the U.S. Government's EB-5 investor immigration program. The EB-5 Partnership ultimately made a loan to Debtor Hotel at Southport, LLC, which was allegedly used for constructing the Hyatt Regency Hotel (the "Hotel") in Renton, Washington, which, along with the land underlying the Hotel, is the primary asset of the Hotel Debtor entity.

At the request of the Court, a copy of the Second Amended Complaint (the "Amended Complaint") was filed on the Court docket at ECF No. 48-1. While EB-5 Plaintiffs need not fully detail the causes of actions and legal bases underlying EB-5 Plaintiffs' claims as set forth in the Amended Complaint, for purposes of this Limited Objection, the critical elements of the Amended Complaint are as follows:

- EB-5 Plaintiffs assert claims against all three Debtors and additional non-debtor defendants, including Mr. Michael Christ in his personal capacity as the ultimate equity owner of the Debtors. Am. Compl. ¶¶12-20.
- EB-5 Plaintiffs assert that such claims are *joint and several* as against all defendants, including each Debtor in these cases. Am. Compl., p. 2.
- EB-5 Plaintiffs assert damages of no less than $32.45 million on a joint and several basis against each defendant. *Id*.; and
- As of the filing date of these Chapter 11 cases, the EB-5 Litigation was in its preliminary stages, with no substantive discovery or dispositive motions filed to date.

Given these facts, EB-5 Plaintiffs have potential claims against each Debtor in excess of $32 million. Due to the imposition of the Bankruptcy Code §362 automatic stay and the unliquidated nature of these claims, there is effectively no scenario in which these

EB-5 PLAINTIFFS' LIMITED OBJECTION TO JOINT PLAN AND DISCLOSURE STATEMENT & RESERVATION OF RIGHTS
No. 24-01519 – Page 3

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

24-01519-FPC11    Doc 98    Filed 10/31/24    Entered 10/31/24 14:08:06    Pg 3 of 9

claims will be litigated to judgment or settled prior to the Effective Date of the proposed Plan. As a result, EB-5 Plaintiffs assert that, absent allowance, disallowance or estimation of such claims pursuant to Bankruptcy Code section 502(c), the Plan must reserve the claims in the full asserted amount of such claims.

Notwithstanding the Limited Objection regarding the establishment of sufficient reserves to protect the EB-5 Plaintiff Claims, the EB-5 Plaintiffs are approaching these cases in good faith and do <u>not</u> currently object to the substance of the proposed sale as memorialized in the proposed Plan, including the identity of the Purchaser or the Sale Price. While the proposed timeline for the sale may conflict with the allowance, disallowance or estimation for reserve purposes of the EB-5 Plaintiff Claims, the EB-5 Plaintiffs believe that with good faith efforts by all interested parties to address the fair valuation and allowance of the EB-5 Plaintiff Claims, the proposed sale timeline will not need to be adjourned or otherwise delayed.

## II. LIMITED OBJECTION

The EB-5 Plaintiffs' limited objection is a straightforward and narrow one: the EB-5 Plaintiffs, as creditors of each of the Debtors with disputed, unliquidated and contingent claims, require that the Disputed General Unsecured Claims Reserve set forth in **Article V.G.3** of the Plan is adequately funded as of the Effective Date of the Plan with a reserve amount sufficient to satisfy any EB-5 Plaintiff Claims ultimately allowed against the three Debtors.[1] The current proposed Plan has no actual

---

[1] While at the time of the filing of this Limited Objection the EB-5 Plaintiffs submit that the full amount of the damages asserted in the EB-5 Complaint ($32.45 million) should be reserved at the Hotel Debtor entity, the EB-5 Plaintiffs are in settlement discussions with the Debtors and are potentially amenable to an agreed reserve amount that would protect the EB-5 Plaintiffs' right to receive distributions for any Allowed Claims against each Debtor, but still permit the proposed sale to proceed on the current proposed sale timeline

EB-5 PLAINTIFFS' LIMITED OBJECTION TO JOINT PLAN AND DISCLOSURE STATEMENT & RESERVATION OF RIGHTS
No. 24-01519 – Page 4

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

24-01519-FPC11    Doc 98    Filed 10/31/24    Entered 10/31/24 14:08:06    Pg 4 of 9

protections for holders of disputed claims such as the EB Plaintiffs, but instead simply requires the Debtors to provide a reserve amount for each category of reserves based on the Debtors' own "reasonable estimate" of the amount of each such disputed claim:

> (h) in connection with establishing a reserve for the payment of any such Disptued Claim that may be subsequently Allowed (the "<u>Disputed General Unsecured Claims Reserve</u>"), a schedule, broken down by Debtor, of all General Unsecured Claims in Class 4 that are (or are expected to be) Disptued and *a reasonable estimate of the amount of each such Claim*, (when finalized, the "<u>Disputed General Unsecured Claims Reserve Projection</u>");

Plan, Article V.G.3(h) (*emphasis added*)

Debtors have already filed an objection to the EB-5 Plaintiff Claims [ECF No. 89] (the "<u>EB-5 Plaintiff Claim Objection</u>") and therefore EB-5 Plaintiffs will reasonably assume that Debtors' "reasonable" estimate of the EB-5 Plaintiff Claims for purposes of establishing and funding the Disputed General Unsecured Claims Reserve in accordance with Article V.G.3(h) of the Plan will be $0 or a *de minimis* reserve amount.

While EB-5 Plaintiffs do not believe that Debtors or other interested parties will take the position that disputed claim reserves in general are inappropriate in Chapter 11 cases, given the current proposed Plan includes multiple disputed claim reserves, EB-5 Plaintiffs note that it is a well-settled principle of bankruptcy law that disputed claim reserves must be adequately funded with "sufficient assets to pay disputed claims" and that to discriminate against creditors solely because they hold disputed claims

---

and potentially avoid impairment of other creditors of the Hotel Debtor and Mezz Debtor. *See* EB-5 Compl., p. 20. [ECF No. 48-1].

EB-5 PLAINTIFFS' LIMITED OBJECTION TO JOINT PLAN AND DISCLOSURE STATEMENT & RESERVATION OF RIGHTS
No. 24-01519 – Page 5

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

24-01519-FPC11    Doc 98    Filed 10/31/24    Entered 10/31/24 14:08:06    Pg 5 of 9

constitutes unfair discrimination for purposes of Bankruptcy Code §1129(b)(1). *See, e.g., In re Motors Liquidation Co.*, 447 B.R. 198 (Bankr. S.D.N.Y. 2011) ("Of course it's true, as the Nova Scotia Noteholders observe, that courts in this and other jurisdictions have required debtors to establish reserves with assets sufficient to pay disputed claims in full to allow creditors full pro rata recovery on their claims."); *In Re ARN LTD. Ltd. P'ship*, 140 B.R. 5, 13 (Bankr. D.D.C. 1992) (holding that fact that large disputed claims are disputed "is not justification for discriminatory treatment"); *In re Chemtura Corp.*, 448 B.R. 635, 651 (Bankr. S.D.N.Y. 2011) (establishing reserve funds for disputed claims and requiring significant funding of such reserves of at least 20% higher than debtors' highest estimates of liability). One common solution to this problem is Bankruptcy Code §502(c) estimation of claims. 11 U.S.C. §502(c).

Here, for purposes of Plan confirmation, EB-5 Plaintiffs are *not* asking that the Court fully allow their claims against each Debtor in the full $32.45 million amount asserted in the Amended Complaint, but instead simply requesting that either (i) the Court require modification of the Plan provisions permitting the Debtors to unilaterally establish the amount of the various disputed claim reserves based on the Debtors' own views of what "reasonable" reserve amounts are or (ii) the Court require that the EB-5 Plaintiff Claims be allowed, disallowed, or estimated for distribution purposes under Bankruptcy Code Section 502(c) prior to any distributions being made under the Plan that would likely prejudice the recoverable amount for any claims ultimately allowed against the Debtors on account of the EB-5 Plaintiff Claims.

EB-5 PLAINTIFFS' LIMITED OBJECTION TO JOINT PLAN
AND DISCLOSURE STATEMENT & RESERVATION OF
RIGHTS
No. 24-01519 – Page 6



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

24-01519-FPC11    Doc 98    Filed 10/31/24    Entered 10/31/24 14:08:06    Pg 6 of 9

## III. PROPOSED PLAN MODIFICATION & RESOLUTION OF LIMITED OBJECTION

While EB-5 Plaintiffs are willing to negotiate in good faith on an estimated or allowed claim amount at each debtor on account of the EB-5 Plaintiff Claims, they are not willing at this time to accept on faith that the Debtors will not move forward with the sale process without properly reserving for the EB-5 Plaintiff Claims. As such, for purposes of Plan Confirmation, the EB-5 Plaintiffs submit that the Plan and Confirmation Order should be revised to specifically ensure that the Disputed General Unsecured Creditors Reserve mechanism set forth in Article V of the Plan is not the means by which the EB-5 Plaintiff Claims are effectively rendered valueless before they can be properly adjudicated. EB-5 Plaintiffs have shared proposed Plan and Confirmation Order revisions with counsel to the Debtors and are hopeful that the Debtors can make these slight modifications to the proposed Plan to potentially resolve this Limited Objection prior to the Confirmation Hearing.

As a practical matter, EB-5 Plaintiffs believe there are three reasonable routes to resolve this Limited Objection without unduly delaying the proposed Plan confirmation and sale process:

1) The Debtors and EB-5 Plaintiffs can agree on appropriate Disputed General Unsecured Claim reserve amounts (or Allowed Claim amounts) at each debtor that would ensure appropriate potential recovery for EB-5 Plaintiff Claims if allowed, which would eliminate any concern from the EB-5 Plaintiffs concerning distributions that may otherwise render the EB-5 Plaintiff claims valueless;

EB-5 PLAINTIFFS' LIMITED OBJECTION TO JOINT PLAN AND DISCLOSURE STATEMENT & RESERVATION OF RIGHTS
No. 24-01519 – Page 7

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

24-01519-FPC11    Doc 98    Filed 10/31/24    Entered 10/31/24 14:08:06    Pg 7 of 9

2) The Court can estimate the EB-5 Plaintiff Claims against each Debtor pursuant to Bankruptcy Code §502(c) for purposes of distribution <u>prior to</u> the Effective Date of the Plan and such estimated claim amounts will constitute the exact reserve amount that the Debtors must reserve on account of the EB-5 Plaintiff Claims, if any; or

3) The EB-5 Plaintiff Claims can be allowed or disallowed by final order of the Court prior to the Effective Date of the Plan, thereby resolving the issue prior to any distributions being made under the proposed Plan.

Finally, EB-5 Plaintiffs note that debtors' counsel has been constructively working with counsel to the EB-5 Plaintiffs to negotiate a potential consensual resolution to this Limited Objection. Subject to Federal Rules of Evidence §408, the parties have exchanged revisions to the proposed Plan and Confirmation Order that the parties expect may lead to a consensual confirmation hearing, subject to final sign-off from EB-5 Plaintiffs and the Debtors on any additional changes to the Plan and Confirmation Order. Should the parties reach a consensual resolution prior to the Confirmation Hearing, counsel will inform the Court that this Limited Objection has been resolved for purposes of plan confirmation

## IV. RESERVATION OF RIGHTS

The EB-5 Plaintiffs reserve all rights with respect to any further Plan, Disclosure Statement or Confirmation Order, including the right to amend or supplement this Limited Objection in response to any proposed changes to the Plan, Disclosure Statement or Confirmation Order made by Debtors prior to or at the Confirmation Hearing.

EB-5 PLAINTIFFS' LIMITED OBJECTION TO JOINT PLAN AND DISCLOSURE STATEMENT & RESERVATION OF RIGHTS
No. 24-01519 – Page 8



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

24-01519-FPC11    Doc 98    Filed 10/31/24    Entered 10/31/24 14:08:06    Pg 8 of 9

## V. CONCLUSION

For the foregoing reasons, EB-5 Plaintiffs respectfully request that the Court require that the Debtors modify the proposed Plan and Confirmation Order to establish sufficient reserves with adequate assets to satisfy any ultimately Allowed Claims held by the EB-5 Plaintiffs.

Dated this 31st day of October, 2024.

**REID & WISE LLC**

By: /s/ Matthew J. Livingston
Matthew J. Livingston (*Admitted Pro Hac Vice*)
One Penn Plaza, Suite 2015
New York, NY 10119
Phone: (212) 858-9982
mlivingston@reidwise.com

*Counsel, Attorney for EB-5 Creditors*

**ARETE LAW GROUP PLLC**

By: /s/ Jeremy E. Roller
Jeremy E. Roller, WSBA No. 32021
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com

*Local Counsel, Attorney for EB-5 Creditors*

