| | |
|---|---|
| 1 | JEFFREY C. KRAUSE (admitted *pro hac vice*) |
| | MICHELLE CHOI (admitted *pro hac vice*) |
| 2 | GIBSON, DUNN & CRUTCHER LLP |
| | 333 South Grand Avenue |
| 3 | Los Angeles, California 90071-3197 |
| | Telephone: 213-229-7000 |
| 4 | E-mail: jkrause@gibsondunn.com |
| | mchoi@gibsondunn.com |
| 5 | |
| | RAGAN L. POWERS, WSBA # 11935 |
| 6 | DAVIS WRIGHT TREMAINE LLP |
| | 920 Fifth Avenue, Suite 3300 |
| 7 | Seattle, Washington 98104-1610 |
| | Telephone: 206-622-3150 |
| 8 | E-mail: raganpowers@dwt.com |
| 9 | Attorneys for HRLW Hotel LLC |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| 1 MIN, LLC; HOTEL AT SOUTHPORT, LLC; and TWELFTH FLOOR, LLC, | Lead Case No. 24-01519 |
| | (Jointly Administered) |
| Debtors. | DECLARATION OF EDDIE YU IN SUPPORT OF SALE TRANSACTION |

I, Eddie Yu, declare as follows:

1. I am a Managing Director, Investments, of OREI Advisors LP and submit this declaration on behalf of HRLW Hotel LLC, the Hotel Buyer,[1] in support of the proposed sale of the Hotel to the Hotel Buyer, pursuant to the Final Purchase Agreement and in accordance with the Plan.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such term in the *Debtors' Joint Plan of Reorganization* [ECF No. 9].

DECLARATION OF EDDIE YU – Page 1

2. Except as otherwise indicated herein, the facts and statements in this declaration are based on my personal knowledge, my review of relevant documents, information provided to me or verified by employees working under my supervision, or professional advisors to the Hotel Buyer, and my opinion is based on experience and knowledge of the circumstances surrounding the Sale Transaction and negotiations between the Hotel Debtor and the Hotel Buyer in connection therewith. If called upon to testify, I could and would testify competently to the facts and opinions set forth herein.

## RELEVANT BACKGROUND

3. On March 15, 2024, the Hotel Buyer and the Hotel Debtor executed a purchase and sale agreement (the "Initial Purchase Agreement"). Upon completion of its due diligence, the Hotel Buyer subsequently deposited $7 million of earnest money into escrow.

4. On May 7, 2024, two days prior to the scheduled closing of the transactions contemplated by the Initial Purchase Agreement, the Hotel Buyer's title insurer raised a title exception based on the filing of the EB-5 Lawsuit on March 4, 2024. The Debtors were unable to obtain the consent of the EB-5 Plaintiffs to allow the sale of the Hotel pursuant to the Initial Purchase Agreement to proceed to closing. Without certainty of clear title, the Hotel Buyer and its lender were unwilling to close the sale transaction and, accordingly, the Hotel Buyer exercised its rights under the Initial Purchase Agreement to terminate the Initial Purchase Agreement and obtain the return of its earnest money.

5. Notwithstanding the commencement of the EB-5 Lawsuit and termination of the Initial Purchase Agreement, the Hotel Buyer remained interested in acquiring the Hotel if a path forward could be identified. After substantial arm's-length and good-faith negotiations, the Debtors, the Hotel Buyer, the Senior Lender, and the Mezz Lender agreed to proceed with a sale of the Hotel through the commencement of these Chapter 11 Cases.

6. On August 29, 2024, the Hotel Debtor and the Hotel Buyer entered into the Final Purchase Agreement, which memorialized the final purchase terms.[2] The Final Purchase Agreement specifically conditions the Hotel Buyer's obligation to purchase the Hotel on the entry of a final order of the Bankruptcy Court (i) approving the sale pursuant to section 363 of Bankruptcy Code prior to confirmation of a plan or (ii) confirming a plan that provides for the sale of the Hotel, in either case (x) free and clear of all liens, claims, and interests (except for certain Permitted Exceptions (as defined in the Final Purchase Agreement)), (y) in form acceptable to the Hotel Buyer in its reasonable discretion, and (z) containing findings that the Hotel Buyer is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code

## **GOOD FAITH**

7. I have been actively involved in the due diligence and negotiations in connection with the Sale Transaction. The Hotel Buyer and its employees, directors, officers, agents, advisors, and other representatives have, at all times, acted in good

---

[2] A copy of the Final Purchase Agreement is attached to the Plan as Exhibit A.

faith, on an arms'-length basis, and without collusion in all respects relating to the Final Purchase Agreement and the Sale Transaction.

8. I believe that: (i) the Hotel Buyer recognized that the Hotel Debtor was free to deal with any other party interested in acquiring the Hotel; (ii) the Hotel Debtor thoroughly pursued a marketing and sale process facilitated by CBRE Hotels; (iii) the Hotel Buyer agreed to subject its bid to the competitive process described in further detail in the *Declaration of John Harper* [ECF No. 10] submitted in support of the Sale Transaction; (iv) the Final Purchase Agreement and the related documents are the result of arm's-length negotiations between the Hotel Buyer and the Hotel Debtor, and at all times, each party was represented by separate and sophisticated counsel and other professionals of their choosing; and (v) the Hotel Buyer entered into the Final Purchase Agreement in good faith, without any collusion, fraud, or attempt to take unfair advantage of any party, including any other potential purchaser.

9. The Hotel Buyer has not engaged in any collusion or other similar conduct with any person or entity that would cause or permit the Final Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code.

10. The Hotel Buyer has not paid and does not intend to pay any consideration for the purchase of the Hotel other than what is set forth in the Final Purchase Agreement.

11. To the best of my knowledge and after reasonable due inquiry (a) neither the Hotel Buyer nor any of its affiliates, officers, directors, managers, equity holders, or members is an "insider" or "affiliate" of any of the Debtors, as those terms are defined

in section 101 of the Bankruptcy Code, and (b) there is no common identity of directors and officers between the Hotel Buyer and any of the Debtors.

## **ADEQUATE ASSURANCE OF FUTURE PERFORMANCE**

12. The Plan contemplates that only the Hotel Management Agreement shall be assumed and, upon the Effective Date, assigned to the Hotel Buyer, and the Hotel Manager has consented to the assumption of the Hotel Management Agreement and agrees that no cure will be due in connection with such assumption.[3] At closing, the Hotel Buyer will have the financial wherewithal necessary to consummate the Sale Transaction and meet its obligations under the Hotel Management Agreement.

## **NEGOTIATION OF TERMS OF CONFIRMATION ORDER**

13. The Hotel Buyer specifically negotiated for the form of the proposed Confirmation Order, including, without limitation, the provisions regarding: (i) the good-faith-purchaser protections under section 363(m) of the Bankruptcy Code; (ii) the sale of the Hotel free and clear of any and all liens, claims, and interests (except for certain Permitted Exceptions (as defined in the Final Purchase Agreement)); and (iii) the assignment of the Hotel Management Agreement. Absent the inclusion of such terms in the Confirmation Order, the Hotel Buyer is not prepared to consummate the Sale Transaction.

[*Remainder of page intentionally left blank*]

---

[3] *See* Plan at Article VI.A.

DECLARATION OF EDDIE YU – Page 5

24-01519-FPC11    Doc 102    Filed 11/05/24    Entered 11/05/24 08:57:36    Pg 5 of 6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED this 4th day of November, 2024, at Redwood City, CA.

*Edward Yu*
_____
Eddie Yu