*Frederick P. Corbit*

**Frederick P. Corbit**
**Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| 1 MIN, LLC; HOTEL AT SOUTHPORT, LLC; and TWELFTH FLOOR, LLC, | Lead Case No. 24-01519 |
| | (Jointly Administered) |
| Debtors. | ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION |

     1 Min, LLC; Hotel at Southport, LLC; and Twelfth Floor, LLC (collectively, the "Debtors"), debtors and debtors in possession herein, seek confirmation of the *Debtor's First Amended Joint Plan of Reorganization* [ECF No. 127] (the "Amended Plan") pursuant to 11 U.S.C. §§ 1121-1124, 1126 and 1129, Bankruptcy Rules 3017 and 3018, and Local Rule 3018-1.[1]  Following the conclusion of hearings held on November 7

---

[1] Unless otherwise specified, all "chapter" and "Section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure; and all "Local Rule" references are to the Local Rules and Local Forms, respectively, for the Bankruptcy Court for the Eastern District of Washington.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

and 12, 2024 (together, the "Hearing") on confirmation of the Amended Plan, and after thoroughly considering the presentations of counsel and evidence proffered at the Hearings, the Court makes the following findings and conclusions:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.　Findings and Conclusions.  The findings and conclusions set forth herein and in the record of the Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.　Exclusive Jurisdiction, Venue, Core Proceeding.  This Court has jurisdiction over these chapter 11 cases pursuant to 28 U.S.C §§ 157 and 1334(a), and L.Civ.R. 83.5 of the Local Rules of the District Court for the Eastern District of Washington.  A court's determination of whether to confirm a proposed plan of reorganization is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has jurisdiction to enter an order with respect thereto.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

C.　Chapter 11 Petitions.  On September 20, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition under chapter 11, commencing their respective bankruptcy cases.  By order entered September 26, 2024, the Court directed that the Debtors' chapter 11 cases be jointly administered under Case No. 24-01519 (the "Chapter 11 Cases").  Each Debtor is eligible to be a chapter 11 debtor pursuant to

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

24-01519-FPC11　　Doc 129　　Filed 11/27/24　　Entered 11/27/24 08:06:27　　Pg 2 of 35

1  Section 109.  The Debtors remain authorized to continue to operate their businesses and

2  manage their affairs as debtors in possession pursuant to Sections 1107(a) and 1108.

3  No trustee or examiner has been appointed pursuant to Section 1104.  No statutory

4  committee of unsecured creditors has been appointed pursuant to Section  1102.

5      D.    Single Asset Real Estate Case.  Hotel Debtor[2] is a single asset real estate

6  case as defined under § 101(51B).

7      E.    Filing of Plan and Disclosure Statement.  On the Petition Date, the Debtors

8  filed the *Debtors' Joint Plan of Reorganization* [ECF No. 9] (the "Plan") and *Joint*

9  *Disclosure Statement for Debtors' Joint Plan of Reorganization* [ECF No. 8] (the

10  "Disclosure Statement").

11      F.    Entry of Scheduling Order.  On September 30, 2024, the Court entered its

12  *Scheduling Order* [ECF No. 49], which (i) authorized the Debtors to combine the

13  hearings on approval of the Disclosure Statement and confirmation of the Plan into a

14  single hearing pursuant to Section 105(d)(2)(B)(vi); (ii) set the Combined Hearing for

15  November 7, 2024; (iii) established deadlines for the filing of objections to approval of

16  the Disclosure Statement and confirmation of the Plan; (iv) established a deadline for

17  the filing of ballots; and (v) directed the Debtors to send to all creditors, by September

18  30, 2024, copies of the Plan; the Disclosure Statement; the List Classifying Claims and

19  Interests pursuant to LBR 3017-1(e) and in a form consistent with Local Form 3016

20  (the "Claims List"); a ballot in a form consistent with Local Form 3018C (the "Ballot");

21  and a Notice of the Combined Hearing in a form consistent with Local Form 3016-1

22

23

---

[2] Capitalized terms not otherwise defined shall have the meanings set forth in the Plan.

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

(the "Notice" and along with the Plan, Disclosure Statement, Claims List and the Ballot, the "Solicitation Materials").

G.    Timely Distribution of Solicitation Materials.  As evidenced by the Proof of Service filed on October 1, 2024 [ECF 53], the Debtors timely transmitted the Solicitation Materials to all parties entitled to receive them (the "Solicitation").  The Solicitation was otherwise timely, adequate, and sufficient under the circumstances, and was conducted in good faith and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Scheduling Order.

H.    Balloting Summary.  On November 4, 2024, the Debtors filed their *Ballot Summary and Preconfirmation Report* [ECF No. 101] (the "Ballot Summary") in a form consistent with Local Form 3018D.

I.    Impaired Classes Voted to Accept the Plan.  As set forth in the Ballot Summary, (i) Classes 1, 2 and 3 each returned a Ballot cast in favor of confirmation, each of which is impaired under the Plan; (ii) Class 4 and Class 5 are both unimpaired and are conclusively presumed to have accepted the Plan pursuant to Section 1126(f); (iii) Class 6 is not expected to receive any distribution under the Plan and is deemed to have rejected the Plan under Section 1126(g); and (iv) Classes 7, 8 and 9 is each a Class of Equity Interests and did not return a Ballot. The Plan satisfies the requirements of Sections 1124, 1126 and 1129(a)(10).

J.    No Objection to Approval of Disclosure Statement.  No objection was made as to any aspect of the Disclosure Statement.

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

1    K.    Objections to Confirmation.  On October 31, 2024, the EB-5 Plaintiffs

2   filed a limited objection to the confirmation of the Plan (the "EB-5 Objection").  *See*

3   ECF No. 98.  No other party objected to confirmation of the Plan.

4    L.    Filing of First Amended Plan.  On November 26, 2024, the Debtors filed

5   the Amended Plan, which amended the Plan to address and resolve the EB-5 Objection

6   and concerns of the U.S. Trustee.  The Debtors advised the Court at the Hearing that it

7   intended to file the Amended Plan and desired to proceed with confirmation of the

8   Amended Plan.  The Court and this Order hereafter address the compliance of the

9   Amended Plan with applicable confirmation standards and requirements.

10    M.    Approval of Disclosure Statement.  The Court has carefully reviewed the

11   Disclosure Statement and finds that it contains information of a kind, and in sufficient

12   detail, as far as is reasonably practicable under the circumstances, that would enable a

13   hypothetical reasonable investor to make an informed judgment about the Plan, and

14   should be approved pursuant to Section 1125.  On November 13, 2024, the Court

15   entered its *Order Approving Disclosure Statement for Debtors' Joint Plan of*

16   *Reorganization* [ECF No. 119].

17    N.    Amended Plan's Compliance with Bankruptcy Code.  As set forth below,

18   the Amended Plan complies with all applicable confirmation standards:

19    1.    Sections 1129(a)(1) and (2) are satisfied.  These subsections require

20   a showing that the Amended Plan and plan proponent comply "with the applicable

21   provisions of this title."  The Debtors, as debtors in possession, are each eligible to be a

22   chapter 11 debtor pursuant to Section 109 and are authorized to propose a plan of

23   reorganization.  *See* Section 1121(a).

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

24-01519-FPC11    Doc 129    Filed 11/27/24    Entered 11/27/24 08:06:27    Pg 5 of 35

As set forth below, the **Amended** Plan satisfies "applicable provisions of this title" as required under **Section** 1129(a)(2):

        a.    <u>Proper Classification</u>.  As required by Section 1123(a)(1), in addition to Administrative Claims and Priority Tax Claims (which need not be classified), Article III of the Amended Plan designates six Classes of Claims and three Classes of Equity Interests.  As required pursuant to and in satisfaction of Section 1122(a), the Claims placed in each Class are substantially similar to other Claims in each such Class.  Classes 1, 2 and 3 comprise single-creditor Classes; Class 4 is comprised solely of Unsecured Claims (if any) related to the operation of the Hotel; Class 5 consists of Unsecured Claims against Mezz Debtor that likely do not exist; and Class 6 consists of Unsecured Claims against EB-5 Debtor that will not receive any distribution.  Each of the Claims in a particular Class under the Amended Plan is substantially similar to other Claims in such Class, and the classification structure is necessary to implement certain aspects of the Amended Plan. Administrative Claims, Priority Tax Claims, and Professional Fee Claims are not classified and are separately treated under Article V of the Amended Plan.  See section 1123(a)(1).  There are valid business, factual, and legal reasons for separately classifying the various Classes of Claims created under the Amended Plan, and there is no indication that the classification structure was designed or intended to gerrymander the Classes to create an impaired accepting Class. Accordingly, the Amended Plan fully complies with the requirements of Sections 1122 and 1123(a)(1).

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

b.  <u>Specified Unimpaired Classes.</u>  Article IV of the Amended Plan specifies that Classes 4 and 5 are unimpaired under the Amended Plan.  The Amended Plan satisfies Section 1123(a)(2).

c.  <u>Specified Treatment of Impaired Classes.</u>  Section 1123(a)(3) requires only that a plan "specify the treatment of any class of claims or interests that is impaired under the plan."  *Matter of Sandy Ridge Development Corp.,* 881 F.2d 1346, 1352-53 (5th Cir. 1989).  Article IV of the Amended Plan designates that Classes 1, 2, 3 and 6 are impaired, and Article IV.B. of the Amended Plan sets forth in detail the treatment of each such impaired Classes.  The Amended Plan satisfies Section 1123(a)(3).

d.  <u>No Discrimination.</u>  Article IV of the Amended Plan provides for the same treatment for each Claim in each respective Class.  The Amended Plan satisfies Section 1123(a)(4).

e.  <u>Implementation of the Amended Plan.</u>  As required by Section 1123(a)(5), the Amended Plan provides for "adequate means" for implementation of the Amended Plan.  The Amended Plan provides for the sale of the Hotel, the Hotel Debtors' sole asset, after a marketing effort lasting almost a full year. As set forth in the *Declaration of John Harper* [ECF No. 10] (the "<u>Harper Declaration</u>"), the Debtors engaged Mr. Harper's firm, CBRE Hotels, to market and sell the Hotel.  In his Declaration, Mr. Harper detailed the process CBRE Hotels followed in marketing the Hotel.  Offering materials for the Hotel were sent to 892 prospective buyers, from which 107 entities executed non-disclosure agreements and gained access to a digital data room to undertake diligence activities.  CBRE conducted fifteen live

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

property tours. These efforts resulted in the competitive bidding of eight separate offers to acquire the Hotel, and eventually the Debtors selected the offer of Ohana Real Estate Investors ("Ohana") as the highest and best offer and entered into the Final Purchase Agreement with Ohana's designee, HRLW Hotel LLC (together with Ohana, the "Hotel Buyer"). There is nothing before the Court that would suggest that further marketing of the Hotel would yield a higher return, and such an effort would doubtless put the viability of the Hotel Buyer's offer at significant risk. The Court finds and concludes that no further marketing of the Hotel is warranted, that the Hotel Buyer's offer represents the highest and best return attainable for the Hotel under the circumstances, and that the Amended Plan states adequate means for its implementation.

f.      Non-Voting Equity Securities. No securities will be issued under the Amended Plan; Section 1123(a)(6) does not apply to the Amended Plan.

g.      No changes to operating agreement. The Amended Plan provides for no changes to any Debtor's operating agreement that are not consistent with the Amended Plan. The Amended Plan satisfies Section 1123(a)7).

2.      Section 1129(a)(3). This element requires that the plan "has been proposed in good faith and not by any means forbidden by law." As to both parts of Section 1129(a)(3), the Ninth Circuit has held that this provision addresses the manner in which the plan has been *proposed*, and not its substantive content (which is left for other parts of Section 1129). *Garvin v. Cook Invs. NW*, 922 F.3d 1031, 1035 (9th Cir. 2019). In other words, this element applies to the manner in which the plan was presented to creditors and the solicitation of acceptances.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

24-01519-FPC11    Doc 129    Filed 11/27/24    Entered 11/27/24 08:06:27    Pg 8 of 35

No party objected on the basis that the Solicitation did not comply with applicable standards. The Solicitation Materials complied with Local Rules and were consistent with Local Forms and were in accordance with the Scheduling Order.

As to the "good faith" requirement, a plan satisfies this requirement if it "achieves a result consistent with the objectives and purposes of the Code." *Garvin*, 922 F.3d at 1036 n.3, *quoting Platinum Capital, Inc. v. Sylmar Plaza, L.P. (In re Sylmar Plaza, L.P.)*, 314 F.3d 1070, 1074 (9th Cir. 2002). The Amended Plan in this case maximizes on the realizable value of the Hotel and provides for the full payment of Claims in Classes 1, 2, 4 and (to the extent any such Claims exist) Class 5, and a significant distribution to Class 3. The Amended Plan satisfies Section 1129(a)(3).

3.   Section 1129(a)(4).  This element is satisfied; any payments to professionals in this case remain subject to this Court's approval. The Amended Plan satisfies Section 1129(a)(4).

4.   Section 1129(a)(5).  The Amended Plan proposes no change in the members or managers of any of the Debtors. SECO Development, LLC, shall remain the manager of each of the Debtors. The Amended Plan satisfies Section 1129(a)(5).

5.   Section 1129(a)(6).  This provision relates to government approvals of rates, which does not apply to these Debtors or the Amended Plan.

6.   Section 1129(a)(7).  This provision states the "best interests of creditors" test, which applies to impaired classes of Claims that have not accepted the plan:

(7) With respect to each impaired class of claims or interests—

(A) each holder of a claim or interest of such class—

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

(i) has accepted the plan; or

(ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date;

Section 1129(a)(7). No party has objected on this basis. As the above text makes clear, a plan must satisfy the "best interests of creditors" test only as to impaired classes that do not accept the plan.

As set forth in Article VIII of the Disclosure Statement, it is clear that creditor recovery under a hypothetical chapter 7 case would be significantly less than under the **Amended** Plan, which the Court incorporates by this reference. The **Amended** Plan satisfies **Section** 1129(a)(7).

7. **Sections 1129(a)(8) and (10)**. Section 1129(a)(8) requires that each impaired class vote in favor of confirmation of a plan, or, as to any impaired class that does not accept the plan, confirmation shall be subject to the standards set forth in Section 1129(b). **Section** 1129(a)(10) requires that at least one non-insider class that is impaired under the plan vote in favor of confirmation. As set forth in the Ballot Summary, Classes 1 and 2 (which are non-insider claims) both accepted the Plan, and each is impaired. Classes 1 and 2 are impaired because, in both cases, the Holder of the Claim has agreed to abate default interest that would otherwise accrue and to which the Holder of both the Class 1 and Class 2 Claims would otherwise be entitled so long as the **Amended** Plan is timely confirmed. Class 3 did not return a ballot. Classes 4 and 5 are unimpaired and are deemed to have accepted the **Amended** Plan, and Class 6 is impaired and deemed to have rejected the **Amended** Plan because the Claims in Class 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

will receive no recovery. The **Amended** Plan satisfies Section 1129(a)(10). The

**Amended** Plan also satisfies Section 1129(a)(8) as to every Class of Claims except the

Classes that have not accepted the Amended Plan – Class 3 and Class 6. Confirmation

is therefore subject to the standards set forth in Section 1129(b) with respect to Class 3

and Class 6.

      8.    <u>Section 1129(a)(9)</u>. This element sets forth the minimum treatment

required for (where relevant to this case) the payment of Administrative Expense

Claims and Priority Tax Claims. The **Amended** Plan complies with each of these

requirements, and therefore satisfies **Section** 1129(a)(9).

      9.    <u>Section 1129(a)(11)</u>. This element states the "feasibility" test, that

plan confirmation "is not likely to be followed by the liquidation, or the need for further

financial reorganization, of the debtor . . ." Section 1129(a)(11). In demonstrating the

feasibility of its plan, a debtor need not show that plan success is guaranteed. Rather,

"only 'a relatively low threshold of proof [is] necessary to satisfy the feasibility

requirement.'" *In re Sagewood Manor Assoc., L.P.,* 223 B.R. 756, 762 (Bankr. D.

Nev. 1998), *quoting In re Sea Garden Motel And Apartments,* 195 B.R. 294, 305

(D.N.J.1996). A "plan does not need to guarantee success, but it must present

reasonable assurance of success." *In re Brice Road Developments, L.L.C.*, 392 B.R.

274, 283 (B.A.P. 6th Cir. 2008). The Amended Plan provides for the sale of the Hotel

and the other Property (as defined in the Final Purchase Agreement)[3] pursuant to the

Final Purchase Agreement the Debtors and HRLW Hotel LLC, as designee of Ohana,

---

[3] "Hotel," as used herein with respect to the sale to the Hotel Buyer pursuant to the Final Purchase Agreement, shall mean, collectively, the Hotel and the other Property (as defined in the Final Purchase Agreement).

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

entered into prior to the Petition Date that specifically anticipated the filing of these Chapter 11 Cases and the closing of the sale following confirmation of a plan. The Hotel Buyer has evidenced its continued and ongoing support for this process and its intention to close and consummate the purchase by its filing of the *Declaration of Eddie Yu in Support of Sale Transaction* [ECF No. 101] (the "Yu Declaration"), and there is nothing before the Court to suggest that the Sale Transaction will not close in accordance with the Final Purchase Agreement. The Amended Plan satisfies the requirements of Section 1129(a)(11).

10. Section 1129(a)(12). This element simply requires that the Amended Plan provide that any outstanding U.S. Trustee fees be paid upon the Effective Date of the Amended Plan. The Amended Plan so provides and therefore satisfies Section 1129(a)(12).

11. Sections 1129(a)(13)-(16). These provisions do not apply to these Debtors or the Amended Plan.

12. Section 1129(b). The Amended Plan satisfies all elements under Section 1129(a) other than Section 1129(a)(8). In accordance with Section 1129(b)(1), the Debtors may seek to confirm the Amended Plan under Section 1129(b) notwithstanding that Class 3 did not accept the Amended Plan, and Class 6 is deemed to have rejected the Amended Plan.

Section 1129(b) permits the Court to confirm a plan notwithstanding the rejection of it by one or more classes of creditors if the plan "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." Section 1129(b)(1). This section

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

applies only to Classes 3 and 6, as these are the sole class "that [are] impaired under, and [have] not accepted, the plan." *Id.*

The Amended Plan satisfies the applicable standard. Class 3 is comprised of the Secured Claim of the EB-5 Lender. As to the members of a class of secured claims, a plan satisfies the "fair and equitable" requirement if the plan provides that the holder of the secured claim (i) retains its liens securing the claim, and (ii) receives under the plan deferred payments equal to the value of the debtor's property that secures such claim. Section 1129(b)(2)(A). In this case, the Class 3 Claim is secured by EB-5 Debtor's pledge of its membership interests in Mezz Debtor. The Amended Plan provides that all Class 3 will receive all Sale Proceeds remaining after (i) payment of (or reservation of funds on account of) Claims having a higher priority of payment rights (Classes 1, 2, 4 and 5) than Class 3, which remaining amount the Court deems equal to the value of the Debtors' asset that secures the Class 3 Claim.

Class 6 is comprised of General Unsecured Claims against EB-5 Debtor and consists of disputed and unliquidated claims. As to the members of a class of unsecured claims, a plan satisfies the "fair and equitable" requirement if the plan provides that "the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property…" Section 1129(b)(2)(B)(ii). This element is satisfied as well.

The Amended Plan carefully delineates the distribution of sale proceeds following the closing of the sale of the Hotel, and reserves funds on account of Disputed Claims:

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 13

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

1        First, Class 1, which is secured by all assets comprising the Hotel, will be

2    paid in full;

3        Second, Class 4, comprising all General Unsecured Claims against Hotel

4    Debtor (other than the EB-5 Plaintiffs Claims), will be paid in full;

5        Third, Hotel Debtor shall reserve funds totaling $32,425,000 in connection

6    with the EB-5 Plaintiffs Claims pending further proceedings and entry of the EB-5

7    Plaintiffs Claims Order, which fully protects the EB-5 Plaintiffs' ability to recover on

8    their Claims should they be allowed;

9        Fourth, Class 2, which is secured by a pledge of all of Mezz Debtor's

10   membership interests in Hotel Debtor, shall receive an initial distribution to the extent

11   of remaining Sale Proceeds pending entry of the EB-5 Plaintiffs Claims Order,

12   following which the Holder of the Class 2 Claim, pursuant to applicable provisions of

13   the Plan including Article IV.B.2.c.(3), shall receive a second and final distribution of

14   Sale Proceeds equal to the lesser of the remaining amount owing on the Class 2 Claim

15   or all remaining Sale Proceeds;

16       Fifth, Class 5, comprising all General Unsecured Claims against Mezz

17   Debtor (if any), will be paid in full.  The Debtors do not believe there are any Claims in

18   Class 5;

19       Sixth, Class 3, will, subject to entry of the EB-5 Plaintiffs Claims Order,

20   receive the remaining Sale Proceeds in an amount that will be insufficient to pay Class

21   3 in full but will nevertheless represent a distribution equal to the value of its interests

22   in the Debtors' property.

23

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

The Court finds and concludes that the treatment of the Class 3 and

Class 6 Claims under the Amended Plan does not discriminate unfairly and is fair and

equitable in its treatment of both Class 3 and Class 6. Specifically, the Amended Plan

satisfies Section 1129(b) as to Class 3 because (i) its rights to a distribution are no

greater than those of EB-5 Debtor, (ii) all Allowed Claims against Hotel Debtor and

Mezz Debtor must be paid in full prior to any distribution to EB-5 Debtor, and

(iii) EB-5 Debtor will, subject to entry of the EB-5 Plaintiffs Claims Order, receive all

funds following payment of only Allowed Claims against Hotel Debtor and Mezz

Debtor. The treatment of Class 6 also satisfies Section 1129(b) because,

notwithstanding that the Amended Plan does not anticipate any distribution to Class 6,

no creditor or equity holder having a Claim or interest junior in priority to Class 6 will

retain or receive anything under the Amended Plan. The Amended Plan satisfies

Section 1129(b)(2)(B)(ii) and therefore satisfies Section 1129(b)(1) by way of its

treatment of Class 3 and Class 6.

M. <u>Releases</u>. The releases set forth in Article X of the Amended Plan are

consistent with the Bankruptcy Code and applicable law and are integral components of

the Amended Plan. The releases each constitute good-faith compromises and

settlements of the matters covered thereby. Such compromises and settlements are

made in exchange for consideration and (a) confer a material benefit on, and are in the

best interests of the Debtors, their estates, and holders of Claims and Equity Interests;

(b) are fair, equitable and reasonable; (c) are necessary and integral components of the

Amended Plan and the transactions contemplated under the Amended Plan; (d) are

important to the overall objectives of the Amended Plan to finally resolve all Claims

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

and Equity Interests among or against parties in the interest in the Chapter 11 Case; and (e) are supported by the Debtors and their key stakeholders. The failure to approve the releases would seriously impair the Debtors' ability to confirm the Amended Plan. No objections to the releases have been filed. The exculpation provisions in Article X of the Amended Plan are also consistent with the Bankruptcy Code and applicable law and are reasonable in scope, integral to the Amended Plan, and appropriate. The exculpation provisions were proposed in good faith following extensive good-faith negotiations among the Debtors and its major stakeholders and are appropriately limited in scope.

N. <u>Findings of Fact and Conclusions of Law Relating to the Final Purchase Agreement and the Sale Transaction</u>.

1. <u>Good Faith; No Collusion</u>. The Final Purchase Agreement was negotiated by the Debtors and the Hotel Buyer without collusion, in good faith, and from arm's-length bargaining positions. Neither the Hotel Buyer nor any of its affiliates, officers, directors, managers, equity holders, members, or any of their respective successors or assigns is an "insider" or "affiliate" of any of the Debtors, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders exists between the Debtors and the Hotel Buyer. The Hotel Buyer recognized that the Debtors were free to deal with any other party interested in acquiring the Hotel. The Debtors' marketing process afforded a full, fair, and reasonable opportunity for any Person or Entity to make a higher or otherwise better offer, and allowed the Debtors to consider actionable proposals, if any, from third parties for a transaction (or transactions) that would provide consideration to the Estates

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

in an amount that exceeded the Purchase Price. No other Person or Entity or group of Entities has offered to purchase the Hotel for greater overall value to the Debtors' Estates than the Hotel Buyer. The Purchase Price was not controlled by any agreement among potential bidders and neither the Debtors nor the Hotel Buyer have engaged in collusion or fraud with respect to the Hotel or the Sale Transaction. The Hotel Buyer is purchasing the Hotel in good faith and has not acted in a collusive manner with any Person or Entity in these Chapter 11 Cases or otherwise in connection with the Sale Transaction. The Debtors' determination that the Final Purchase Agreement constitutes the highest or otherwise best offer constitutes a valid and sound exercise of the Debtors' business judgment. Neither the Debtors nor the Hotel Buyer engaged in any conduct that would cause or permit the Final Purchase Agreement, any documents related thereto, or the consummation of the Sale Transaction to be avoided, or costs or damages to be imposed, under any law of the United States, any state, territory, possession thereof, the District of Columbia, or any other applicable jurisdiction (including any foreign jurisdiction) with laws substantially similar to the foregoing.

2. <u>Best Interest</u>. Approval and consummation of the Final Purchase Agreement and Sale Transaction is in the best interests of the Debtors, their Estates, their creditors, and other parties in interest. The consideration provided by the Hotel Buyer pursuant to the Final Purchase Agreement (a) is fair and reasonable, (b) is the highest or otherwise best offer for the Hotel, and (c) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Voidable Transfer Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

under the laws of the United States, any state, territory, possession, the District of

Columbia, or any other applicable jurisdiction (including any foreign jurisdiction) with

laws substantially similar to the foregoing.

3.     Authority.  The Debtors have, before, on and after, the Effective Date, all

of the power and authority necessary to consummate the transactions contemplated in

the Amended Plan, subject to the terms of this Confirmation Order, including but not

limited to, the power and authority to execute, assume, and implement the Final

Purchase Agreement, consummate the Sale Transaction, and effectuate the distributions

pursuant to Article IV of the Amended Plan.  No consents or approvals, other than

those already obtained or expressly provided for in the Final Purchase Agreement or

this Confirmation Order, are required for the Debtors to consummate the transactions

provided for in the Amended Plan.  This Confirmation Order shall constitute all

approvals and consents required, if any, by the laws, rules or regulations of any state or

any other governmental authority with respect to the implementation or consummation

of the Amended Plan, any of the transactions it contemplates (including, for the

avoidance of doubt, the Sale Transaction and the distributions pursuant to Article IV of

the Amended Plan), and any other acts that may be necessary or appropriate for the

implementation or consummation thereof.

4.     Title to Hotel.  The Hotel sought to be sold by the Debtors to the Hotel

Buyer pursuant to the Final Purchase Agreement is property of the Debtors' Estates and

good title thereto is presently vested in the Debtors' Estates within the meaning of

section 541(a) of the Bankruptcy Code.  The Debtors are the sole and rightful owners of

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

the Hotel with all rights, title and interests to the Hotel, and no other Person has any

ownership right, title, or interest therein other than any security interests therein.

5.     Necessity of Order.  The Hotel Buyer has agreed to the Sale Transaction in

material reliance on and with fair consideration provided for the Sale Transaction being

free and clear of all Claims, Liens, and interests relating to the Debtors arising prior to

the closing of the Sale Transaction, except as expressly provided under the Final

Purchase Agreement, including any successor or vicarious liabilities of any kind or

nature, as set forth herein and in the Final Purchase Agreement, and would not agree to

the Final Purchase Agreement or the Sale Transaction without all of the relief provided

for herein.  The consummation of the Sale Transaction pursuant to this Confirmation

Order and Final Purchase Agreement is necessary for the Debtors to maximize the

value of their Estates for the benefit of all creditors and other parties in interest.

6.     Free and Clear.  The Debtors may sell the Hotel free and clear of all Liens,

Claims, rights, liabilities, mortgages, deeds of trust, pledges, charges, security interests,

of whatever kind or nature, rights of first refusal, rights of offset or recoupment,

royalties, conditional sales or title retention agreements, hypothecations, preferences,

debts, easements, suits, licenses, options, rights of recovery, judgments, orders and

decrees of any court or foreign or domestic Governmental Unit, taxes (including

foreign, state and local taxes), covenants, restrictions, indentures, instruments, leases,

options, off-sets, recoupments, claims for reimbursement or subrogation, contribution,

indemnity or exoneration, claims based on any doctrine of de facto merger or successor

or successor-in-interest theory, encumbrances and other interests of any kind or nature

whatsoever other than as expressly provided under the Final Purchase Agreement, the

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

Amended Plan, or this Confirmation Order because of the effect of section 1141(c) of the Bankruptcy Code. All holders of such Claims, Liens, encumbrances, or other interests against the Debtors, their Estates, or the Hotel are bound by this Confirmation Order and the Amended Plan pursuant to section 1141(a) of the Bankruptcy Code. All holders of such Claims, Liens, encumbrances, or other interests are adequately protected in accordance with the Amended Plan.

7. <u>No Successor</u>. By virtue of the Sale Transaction, the Final Purchase Agreement, the transactions contemplated herein, or the operation of the Hotel, the Hotel Buyer is not a continuation of the Debtors or their estates, and there is no continuity of enterprise between the Debtors and the Hotel Buyer. The Hotel Buyer is not holding itself out to the public as a continuation of the Debtors. The Hotel Buyer is not a successor to the Debtors or their estates, and the Sale Transaction does not amount to a consolidation, merger, or de facto merger of the Hotel Buyer and the Debtors.

8. <u>Assumption and/or Assignment of Executory Contracts</u>. The Amended Plan provides that the Debtors shall (i) assume the Final Purchase Agreement; (ii) assume the Hotel Management Agreement, each of the contracts and leases set forth in <u>Exhibit C</u> to the Amended Plan, and any Additional Assumed Contracts (collectively, including the Hotel Management Agreement and each of the contracts and leases set forth in <u>Exhibit C</u> to the Amended Plan, the "<u>Assumed Contracts</u>"); and (iii) upon the Effective Date, assign each of the Assumed Contracts to Hotel Buyer. It is a valid exercise of the Debtors' reasonable and sound business judgment to assume the Final Purchase Agreement and assume and assign each of the Assumed Contracts to the Hotel Buyer in connection with the consummation of the Sale Transaction, and the

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

assumption or assumption and assignment, as applicable, of such contracts is in the best interests of the Debtors, their Estates, and their stakeholders.  The assumption and assignment of the Assumed Contracts to the Hotel Buyer (i) is an integral part of the Hotel being purchased by the Hotel Buyer, (ii) allows the Debtors to sell the Hotel to the Hotel Buyer as a going concern, (iii) eliminates the risk of losses to the counterparties to the Assumed Contracts, and (iv) maximizes the recoveries to other creditors of the Debtors by limiting the amount of claims against the Debtors' Estates by avoiding the rejection of any of the Assumed Contracts.

9.     <u>Valid and Binding Contract</u>.  The Final Purchase Agreement and related agreements are valid and binding contracts between the Debtors and the Hotel Buyer and shall be enforceable pursuant to their terms.  The Final Purchase Agreement and related agreements were not entered into for the purpose of hindering, delaying or defrauding any of the Debtors' present or future creditors.  Neither the Debtors nor the Hotel Buyer has entered into the Final Purchase Agreement or related agreements or is, or will be, consummating the transactions contemplated therein fraudulently (including with respect to statutory or common law fraudulent conveyance or fraudulent transfer claims, whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia or any other applicable jurisdiction with laws substantially similar to the foregoing) or for an otherwise improper purpose.  The Final Purchase Agreement and the Sale Transaction itself, and the consummation thereof, shall be specifically enforceable against and binding upon (without posting any bond) the Debtors, and any chapter 7 or chapter 11 trustee

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 21

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

appointed in these Chapter 11 Cases, and shall not be subject to rejection or avoidance by the foregoing parties or any other Person or Entity.

10. <u>Modifications</u>. The Final Purchase Agreement and related agreements, documents or other instruments executed in connection therewith, may be modified, amended or supplemented by the parties thereto, in a writing signed by each party, and in accordance with the terms thereof, without further order of the Bankruptcy Court; provided, that any such modification, amendment or supplement does not materially change the economic substance of the Sale Transaction.

11. <u>Implementation and Binding Effect</u>. As detailed in the Yu Declaration, all documents and agreements necessary or appropriate to implement the Amended Plan and the Sale Transaction, including the Final Purchase Agreement and all other relevant and necessary documents, have been negotiated in good faith and at arm's length, are in the best interests of the Debtors, their Estates, and their stakeholders and shall, upon completion of documentation and execution (subject to the terms of the Amended Plan, as applicable), be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law. The Debtors have exercised reasonable business judgment in determining which agreements to enter into, and have provided sufficient and adequate notice of such documents and agreements. The terms and conditions of such documents and agreements (in each case, subject to the terms of the Amended Plan, as applicable) have been and are continuing to be negotiated in good faith, at arm's length, are fair and reasonable, and are approved. The Debtors and the Hotel Buyer, as applicable, are authorized, without any further notice to or action, order, or approval of this Court, to finalize and execute and deliver all agreements,

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

documents, instruments, and certificates relating thereto and perform their obligations
thereunder in accordance with the Amended Plan.

12. Except as otherwise provided in section 1141(d)(3) of the Bankruptcy
Code, and subject to the occurrence of the Effective Date, on and after the entry of this
Confirmation Order, the provisions of the Amended Plan, the Final Purchase
Agreement, this Confirmation Order, and all other documents contemplated by the
Amended Plan shall bind the Debtors, all Released Parties, all Holders of Claims
against or Interests in any Debtors, all parties to Executory Contracts and Unexpired
Leases with any of the Debtors, and all other parties in interest in the Chapter 11 Cases,
and each of their respective heirs, executors, administrators, estates, successors and
assigns.

**BASED ON THE FOREGOING, THE COURT HEREBY ORDERS AS
FOLLOWS:**

1. <u>Findings of Fact and Conclusions of Law</u>. The Court adopts the findings of
fact and the conclusions of law stated on the record at the conclusion of the Combined
Hearing pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by
Bankruptcy Rule 9014, and the findings of fact and conclusions of law set forth above.
To the extent any provision designated herein as a finding of fact is more properly
characterized to be a conclusion of law, it shall be so deemed, and vice versa.

2. <u>No Further Solicitation Required</u>. The Solicitation and the Solicitation
Materials comply in all respects with all applicable standards, Local Rules and forms,
and the Scheduling Order. The amendments to the Plan that are incorporated in the
Amended Plan do not prejudice or impair the rights of any party in interest that has not

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

accepted the Amended Plan, and any material changes in the treatment of a Class or any Creditor have been approved by such Class or Creditors.  No further solicitation is necessary in connection with confirmation of the Amended Plan.3.    Confirmation of the Plan.  The Amended Plan [ECF No. **127**] is approved and confirmed pursuant to Section 1129 in its entirety.  The terms of the Amended Plan are incorporated by reference into and are an integral part of this Order.

4.    Objections.   Any objections to the Amended Plan that have not been withdrawn, waived, or settled, are overruled on the merits.

5.    Approval of the Final Purchase Agreement and the Sale Transaction.

a.    Approval of Sale Transaction.  Pursuant to sections 105, 365, 1123, 1129 and 1141 of the Bankruptcy Code, the Sale Transaction, the Final Purchase Agreement, the ancillary documents related thereto, all of the terms and conditions thereof, and all of transactions contemplated thereby are hereby authorized and approved.  The Sale Transaction shall be implemented in accordance with the Amended Plan and the Final Purchase Agreement.  The failure to specifically reference any particular provision of the Final Purchase Agreement or any ancillary document in this Confirmation Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the Final Purchase Agreement and each and every provision, term, and condition thereof be authorized and approved in its entirety.

b.    Sale of Hotel Free and Clear; Assumption of Liabilities; No Successor Liability.  On the Effective Date, pursuant to sections 105, 365, 1123, 1129 and 1141 of the Bankruptcy Code, in accordance with the Amended Plan and the Final Purchase Agreement, subject to the satisfaction or waiver of all applicable closing

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

conditions under the Final Purchase Agreement, (a) the Hotel shall be transferred to,

and shall vest in, the Hotel Buyer free and clear of any and all Claims, Liens, defenses

(including rights of setoff and recoupment), and other "interests," as such term is used

in section 363(f) of the Bankruptcy Code, in each case, in, on, or related to the Hotel,

including, without limitation, all Claims, Liens, charges, interests, rights, liabilities,

mortgages, deeds of trust, pledges, security interests of whatever kind or nature, rights

of first refusal, rights of offset or recoupment, royalties, conditional sales or title

retention agreements, hypothecations, mechanics' and materialmans' liens,

assignments, preferences, debts, easements, deposit arrangements, suits, licenses or

sub-licenses, options, rights of recovery, judgments, orders and decrees of any court or

foreign or domestic Governmental Unit, taxes (including foreign, federal, state, and

local taxes), covenants, restrictions, indentures, instruments, leases, options, off-sets,

recoupments, causes of action, contract rights, Claims for reimbursement or

subrogation, contribution, indemnity or exoneration, encumbrances, and other interests

of any kind or nature whatsoever, in, on, or related to the Hotel, in each case to the

fullest extent of the law, whether known or unknown, prepetition or postpetition,

secured or unsecured, direct or indirect, choate or inchoate, filed or unfiled, scheduled

or unscheduled, perfected or unperfected, liquidated or unliquidated, noticed or

unnoticed, recorded or unrecorded, absolute, contingent, fixed or non-contingent,

material or non-material, disputed or undisputed, statutory or non-statutory, matured or

unmatured, arising or imposed by agreement, understanding, law, equity, statute, or

otherwise, including any and all such liabilities, causes of action, contract rights and

claims arising out of the Debtors' continued operations prior to the Effective Date,

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

1 including without limitation all Claims and causes of action based on fraudulent

2 transfer liability or successor or successor-in-interest liability and all Claims and causes

3 of action alleged or that could have been alleged against the Debtors, or any of them, in

4 connection with the EB-5 Lawsuit; and (b) the sale of the Hotel to the Hotel Buyer

5 pursuant to the Final Purchase Agreement, the Amended Plan, and this Confirmation

6 Order shall be a legal, valid, enforceable, and effective sale of the Hotel. Except as

7 expressly provided for in the Final Purchase Agreement, the Hotel Buyer shall not

8 assume or have any liability or other obligation of the Debtors arising under or related

9 to the Hotel and shall not be liable for any encumbrances against any Debtor, any of the

10 Debtors' affiliates, predecessors, successors or assigns, or the Hotel. Except as

11 expressly provided for in the Final Purchase Agreement, the transfer of the Hotel to the

12 Hotel Buyer and the assumption and assignment to the Hotel Buyer of the Assumed

13 Contracts do not and will not subject the Hotel Buyer to any liability whatsoever with

14 respect to the operation of the Debtors' businesses before the Effective Date or by

15 reason of such transfer under the laws of the United States, any state, territory,

16 possession, the District of Columbia, or any other applicable jurisdiction (including any

17 foreign jurisdiction) with laws substantially similar to the foregoing, based on, in whole

18 or in part, directly or indirectly, any theory of law or equity, including, without

19 limitation, any theory of successor or transferee liability, antitrust, environmental,

20 product line, de facto merger or substantial continuity or similar theories or applicable

21 law or otherwise. The Hotel Buyer shall not have any successor or vicarious liability of

22 any kind or character whether known or unknown as of the Effective Date, or whether

23 fixed or contingent, whether now existing or hereafter arising, with respect to the Hotel

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 26

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

or any liabilities of the Debtors arising prior to or after the Effective Date other than the Permitted Exceptions (as defined in the Final Purchase Agreement).

c. The Final Purchase Agreement provides, and the Court adopts by this reference, that Debtors shall close the Sale Transaction on or before the Effective Date so long as (a) the Confirmation Order becomes a Final Order not later than December 15, 2024, unless such finality requirement has been waived by Hotel Buyer; and (b) Hotel Buyer closes the Sale Transaction within thirty (30) days after the Confirmation Order becomes a Final Order. The Net Proceeds from the Sale Transaction shall be distributed pursuant to the terms of the Amended Plan.

d. <u>Assumption and Assignment of Executory Contracts Approved</u>. The Debtors' assumption of the Final Purchase Agreement and the Assumed Contracts, and assignment of the Assumed Contracts to the Hotel Buyer upon the Effective Date, are hereby approved. Subject to the terms of the Plan, no cure shall be due and owing in connection with such assumptions. Pursuant to section 1123(b)(2) of the Bankruptcy Code and subject to the consummation of the Sale Transaction, the Debtors are authorized to assume and assign the Assumed Contracts to the Hotel Buyer free and clear of all Liens, Claims, and other interests, and the requirements of section 365(b)(1) of the Bankruptcy Code with respect thereto are deemed satisfied. Upon the Effective Date or the applicable date of assumption and assignment with respect to the Assumed Contracts, except as expressly provided for in the Final Purchase Agreement, the Hotel Buyer shall be fully and irrevocably vested with all rights, title, and interest of the Debtors under the Assumed Contracts and, pursuant to sections 1123(b)(2) and 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 27

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

24-01519-FPC11    Doc 129    Filed 11/27/24    Entered 11/27/24 08:06:27    Pg 27 of 35

respect to breach of such agreement occurring after such assumption and assignment to the Hotel Buyer.  For the avoidance of doubt, any Claims, rights, title, or interest of the Debtors under the Assumed Contracts that are not vested in the Hotel Buyer following the assumption and assignment thereof to the Hotel Buyer may not be asserted by the Hotel Buyer, as assignee, against the applicable non-Debtor counterparties to the Assumed Contracts.  The assumption by the Debtors and assignment to the Hotel Buyer of the Assumed Contracts shall not be a default thereunder.  Any anti-assignment provisions in the Assumed Contracts, including any provisions requiring any third party consent or of the type described in sections 365(b)(2), (e)(1), and (f) of the Bankruptcy Code, shall not restrict, limit, or prohibit the assumption and assignment of the Assumed Contracts and are unenforceable anti-assignment provisions in connection with the Sale Transaction within the meaning of section 365(f) of the Bankruptcy Code. Other than as expressly provided for in the Final Purchase Agreement, Amended Plan or this Confirmation Order, each of the Assumed Contracts shall be assumed and assigned to the Hotel Buyer without amendment or other modification of its terms and provisions.

e.  <u>Injunction</u>.  In accordance with and without limiting the generality of the provisions in paragraph 8 of this Confirmation Order, (a) except as expressly provided for in the Final Purchase Agreement, all Persons or Entities are hereby forever prohibited and permanently enjoined from asserting against the Hotel Buyer, its successors and assigns, or the Hotel, any liabilities, Liens, Claims, encumbrances, or other interests, or successor or transferee liabilities that exist as of or prior to the Effective Date, and (b) each non-Debtor party to an Assumed Contract is hereby

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 28

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

forever prohibited and permanently enjoined from imposing or charging against the
Hotel Buyer any rent accelerations, assignment fees, increases, or any other fees in
connection with the Assumed Contracts arising solely by reason of the Debtors'
assumption and assignment of such Assumed Contracts, and the validity of such
assumption and assignment, which shall in all events be effective as of the Effective
Date, shall not be affected by the pendency or resolution of any dispute between the
Debtors (or the Post-Effective Date Debtors, as applicable) and any counterparty to any
such Assumed Contracts, subject in all respects to the terms set forth in Article VI of
the Amended Plan.

f.      Except as provided in the Amended Plan, upon the assignment of
the Assumed Contracts to the Hotel Buyer, each counterparty to an Assumed Contract
is hereby forever barred, estopped, and permanently enjoined from asserting against the
Hotel, the Hotel Buyer, its affiliates, or their respective property (a) any setoff, defense,
recoupment, Claim, counterclaim or default asserted or assertable against, or otherwise
delay, defer or impair any rights of the Hotel Buyer with respect to the Hotel with
respect to an act or omission of, the Debtors, or (b) any rent acceleration, assignment
fee, default, breach or Claim, or pecuniary loss or condition to assignment or transfer,
arising under or related to a Assumed Contracts existing as of the Effective Date, or
arising by reason of the Effective Date. Except as provided in the Amended Plan, no
Person or Entity shall assert, and the Hotel Buyer and the Hotel shall not be subject to,
any defaults, breaches, counterclaims, offsets, defenses (whether contractual or
otherwise, including, without limitation, any right of recoupment), Claims or liabilities,
of any kind or nature whatsoever, to delay, defer, or impair any right of the Hotel Buyer

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

or the Debtors, or any obligation of any other Person or Entity, under or with respect to, the Hotel or the Assumed Contracts, with respect to any act or omission that occurred prior to the Effective Date or with respect to any contract or lease that is not an Assumed Contract or any obligation of Debtors that is not a Permitted Exception (as defined in the Final Purchase Agreement).

g.     <u>No Avoidance of Final Purchase Agreement</u>.  Neither the Debtors nor the Hotel Buyer has engaged in any conduct that would cause or permit the Final Purchase Agreement to be avoided or costs and damages to be imposed under any applicable law.  Accordingly, the Final Purchase Agreement and the Sale Transaction shall not be avoidable under chapter 5 of the Bankruptcy Code or any analogous provision of state or foreign law, and no party shall be entitled to any damages or other recovery in respect of the Final Purchase Agreement or the Sale Transaction.

h.     <u>Direction to Recordation Officers</u>.  This Confirmation Order is binding on all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks, or other intellectual property, administrative agencies, Governmental Units, secretaries of state, federal and local officials, and all other Persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease ("<u>Recordation Officers</u>").  Each and every Recordation Officer is authorized, from and after the Effective Date, to strike all Claims, interests, Liens, or other encumbrances in or against the Hotel from their records, official and otherwise, without further order of the Court or act of any

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 30

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

24-01519-FPC11     Doc 129     Filed 11/27/24     Entered 11/27/24 08:06:27     Pg 30 of 35

party. Each and every Recordation Officer is authorized (a) to file, record, and/or register any and all documents and instruments presented to consummate or memorialize the Final Purchase Agreement, the Amended Plan and the transactions contemplated thereby and (b) to accept and rely on this Confirmation Order as the sole and sufficient evidence of the transfer of title of the Hotel.

6. <u>Estimation of Claims; Reserves</u>. The Debtors shall comply with all Amended Plan provisions relating to the estimation of claims and reserves, including but not limited to, the reservation of funds for the EB-5 Plaintiffs Set-Aside and the preparation of all required schedules, projections, and statements, and the establishment of all reserves, accounts and funds, in accordance with Article V.G of the Amended Plan.

7. <u>Effects of Confirmation; Effectiveness; Successors and Assigns</u>. Subject to the occurrence of the Effective Date, and pursuant to Section 1141(a) and notwithstanding any otherwise applicable law, immediately upon the entry of this Order, the terms of the Amended Plan and this Order shall be binding on (a) the Debtors, (b) all Holders of Claims against the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such Holders accepted the Amended Plan, (c) any other party in interest, and (d) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

8. <u>Injunction Against Interference with the Amended Plan</u>. Pursuant to Article X(d) of the Amended Plan, and without limiting the scope thereof, upon the entry of the Confirmation Order all persons are enjoined and restrained pursuant to

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

§ 105 from taking any action to collect or enforce any Claim directly or indirectly against the Post-Effective Date Debtors in any manner inconsistent with the terms contained in the Amended Plan or this Confirmation Order, unless expressly provided otherwise in the Amended Plan.

9. <u>Releases</u>. Subject to this Confirmation Order, all release, exculpation, and injunction provisions set forth in the Amended Plan, including, but not limited to, those contained in Article X of the Amended Plan, are approved and shall be effective and binding on all persons and entities to the extent provision and limited therein.

10. <u>Exemption from Taxes</u>. The Debtors are entitled to the exclusion under 26 U.S.C. § 108(a)(1)(A) from gross income of any and all discharge of indebtedness income that may arise from the Amended Plan, and the Debtors shall not be required to recognize any cancellation of indebtedness income realized as a result of the extinguishment of any indebtedness through implementation of the Amended Plan. Hotel Debtor's sale of the Hotel shall be exempt from any real estate excise or other transfer taxes pursuant to Section 1146(a) and WAC 458-61A-207.

11. <u>Payment of Fees</u>. All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid on or before the later of the Effective Date, or the applicable due date for such fees.

12. <u>Reference to Plan Provisions</u>. The failure to specifically include or reference any particular provision of the Amended Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Amended Plan be and is confirmed in its entirety.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

1      13.   <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction and power to

2  hear and determine all matters arising from or related to the implementation of the

3  Amended Plan or this Order.

4                      /// End of Order ///

5

6  Presented by:

7  BUSH KORNFELD LLP

8

9  By___/s/ *James L. Day*_____
      James L. Day, WSBA #20474

10       Christine M. Tobin-Presser, WSBA #27628
      Jason Wax, WSBA #41944

11 **Attorneys for Debtors**

12 Approved for entry:

13

14

15 By___/s/ *Ragan L. Powers*_____
    RAGAN L. POWERS, WSBA #11935

16 **DAVIS WRIGHT TREMAINE LLP**
    920 Fifth Avenue, Suite 3300

17     Seattle, WA  98104-1610
    Telephone: 206-662-3150

18 -and-

19 Jeffrey C. Krause (admitted *pro hac vice*)
    Michelle Choi (admitted *pro hac vice*)

20 **GIBSON, DUNN & CRUTCHER LLP**
    333 South Grand Avenue

21     Los Angeles, CA 90071-3197
    Telephone: 213-229-7000

22 *Attorneys for HRLW Hotel LLC*

23

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 33

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

EISENHOWER CARLSON PLLC

By /s/ Darren R. Krattli
Darren R. Krattli, WSBA No. 39128
909 A Street, Suite 600
Tacoma, Washington 98402
Telephone: (253) 572-4500
Facsimile: (253) 272-5732
E-Mail: DKrattli@Eisenhowerlaw.com

and

MAYER BROWN LLP
Thomas S. Kiriakos (admitted *pro hac vice*)
Craig E. Reimer (admitted *pro hac vice*)
71 S. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
Email: TKiriakos@mayerbrown.com
CReimer@mayerbrown.com

and

Danielle A. Sigal (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Email: DSigal@mayerbrown.com

**Counsel to WF CREL 2020 GRANTOR TRUST**

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

REID & WISE LLC


By___/s/ _Matthew J. Livingston_____
Matthew J. Livingston (admitted *pro hac vice*)
One Penn Plaza, Suite 2015
New York, NY 10119
Phone: (212) 858-9982
mlivingston@reidwise.com

**Attorneys for EB-5 Creditors**


NIXON PEABODY LLP


By___/s/ _R. Scott Alsterda_____
    R. Scott Alsterda ( ILL ARDC No. 3126771 )
    (*pro hac vice admission to be filed*)
    70 W. Madison Street, Suite 5200
    Chicago, Illinois 60602-4378
    Telephone: (312) 977.9203
    Facsimile: (844) 566.1442
    Email: rsalsterda@nixonpeabody.com

**Counsel for Hyatt Corporation**

ORDER CONFIRMING DEBTORS' FIRST AMENDED
JOINT PLAN OF REORGANIZATION– Page 35

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2836 hk26f901xp

24-01519-FPC11    Doc 129    Filed 11/27/24    Entered 11/27/24 08:06:27    Pg 35 of 35