GARY W. DYER, CSBA # 106701     Hon. FREDERICK P. CORBIT
Assistant United States Trustee
United States Dept. of Justice
Office of the United States Trustee
United States Courthouse
W. 920 Riverside Ave. Room 593
Spokane, Washington  99201
Telephone (509) 353-2999

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re | ) |
| | ) |
| 1 MIN LLC, | ) Case No. 24-01519 |
| | ) Lead Case |
| Debtor. | ) |
| | ) |
| HOTEL AT SOUTHPORT LLC, | ) Case No. 24-01520 |
| | ) |
| Debtor. | ) |
| | ) |
| TWELFTH FLOOR, LLC, | ) Case No. 24-01521 |
| | ) |
| Debtor. | ) OBJECTION TO MOTION TO |
| | ) SEAL |
| | ) [Docket # 132] |

The United States Trustee's Office objects to the debtors' motion to seal the September MOR [Docket # 132] as it is not specific enough and its request IS to block **all** access to the MOR is far too broad.

OBJECTION TO MOTION TO SEAL

The motion does not identify the category of the information, The motion requests ALL access be blocked. The motion does not explain why redaction of some specific information or some lesser remedy is no///t appropriate.

## JURISDICTION

Jurisdiction is based upon 28 U.S.C. section 1334, and the United States Trustee appears pursuant to 28 U.S.C. section 586 and 11 U.S.C. section 307. This motion is premised on section 107 of Title 11.

## ARGUMENT

"There is a strong presumption and public policy in favor of public access to court records." *Togut v. Deutsche Bank AG, Cayman Islands Branch et al., (In re Anthracite Capital, Inc.)*, 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013). Section 107(a) of the United States Bankruptcy Code (the "Code"), codifying this strong public policy in favor of public access to documents filed in the bankruptcy court, provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). The concept of sealing portions of the Court's files and records is inimical to the strong guiding principle that court records are public documents. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-98 (1978). Public access to judicial records "is of special importance in the bankruptcy arena, as unrestricted access to judicial records

OBJECTION TO MOTION TO SEAL

fosters confidence among creditors regarding the fairness of the bankruptcy system." *Gitto,* 422 F.3d at 7 (citing F*erm v. United States Trustee (In re Crawford)*, 194 F.3d. 954, 960 (9th Cir. 1999)). Moreover, in *Crawford*, the Ninth Circuit held that § 107 is not impermissibly overbroad, and that "a blanket open access rule obviously fosters public confidence in a way that a regime shot through with exceptions might not." *Id*. at 960. "Because of the vital public interest in open judicial proceedings, the Government has a general overriding affirmative duty to oppose their closure." 28 C.F.R. § 50.9.

There are a few narrow exceptions to the public access presumption. The Code authorizes the Court to protect entities "with respect to a trade secret or confidential research, development, or commercial information" and to "protect a person with respect to scandalous or defamatory matter contained in a paper filed" in a bankruptcy case. 11 U.S.C. § 107(b). The Code also permits for the protection of certain personal identifiable information to mitigate, among other things, any undue risk of identity theft. 11 U.S.C. § 107(c). The *Crawford* court noted Section 107(b)'s two exceptions "are construed narrowly and do not affect our analysis regarding the public confidence fostered by the otherwise broad scope of § 107." *Crawford*, 194 F.3d. at 960 n.8.

The burden is on the movant "to provide the court with specific factual and legal authority demonstrating that a particular document at issue is properly

OBJECTION TO MOTION TO SEAL

classified as 'confidential' or 'scandalous.'" *See*, *In re Food Mgmt. Group,* 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007). In addition, the movant must demonstrate that "disclosure will work a clearly defined and serious injury…" *Goldstein v. Forbes (In re Cendant Corp),* 260 F.3d 183, 194 (3d Cir. 2001). The movant must show "sufficient threat of irreparable harm" before information will be sealed, and specificity is essential. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3rd Cir. 1984). Broad allegations of harm, without specific examples or articulated reasoning, are insufficient. *Miller v. Indiana Hospital*, 16 F.3d 549, 551 (3rd Cir. 1994). Harm that is only speculative cannot support a sealing order. *In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982).

Section 107(b)(1) "is meant to prevent business competitors from seeing confidential business-related information and using that information to the detriment of the movant. See *Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP)*, 485 B.R. 821 822-23 (Bankr. S.D.N.Y. 2013)). Commercial information is "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the [party seeking to seal the information].'" *Orion Pictures,* 21 F.3d at 27 (quoting *Ad Hoc Protective Comm. for 10 ½ Debenture Holders v. Intel Corp. (In re Intel Corp.),* 17 B.R. 942, 944 (9th Cir. 1982)). The information must be "reasonably expected to cause the entity commercial injury," which means that "competitors will gain an unfair advantage."

OBJECTION TO MOTION TO SEAL

I*n re Alterra Heathcare Corp.*, 353 B.R. 66, 73 (Bankr.D. Del. 2006). The unfair advantage must be in favor of a market competitor, not simply a creditor or claimant.

     All the previous argument is the backdrop simply to argue the motion does not carry its burden to identify the type of information or the claimed damage as being within section 107.

     One further note, the moving party has not provided the U.S. Trustee with the documents as required in section 107(c)(3) so we cannot advise the court on the merits of the information itself.

     Wherefore, the court is requested to deny this motion, or require the moving party to provide a sufficient basis for sealing the whole MOR for all eternity.

     D A T E D this 9TH day of December, 2024.

                                                   Respectfully submitted,

                                                   JONAS V. ANDERSON
                                                   Acting United States Trustee for
                                                   Region 18

                                                   */s/ Gary W Dyer*
                                                   Gary W. Dyer
                                                   Assistant U.S. Trustee

OBJECTION TO MOTION TO SEAL