Amit D. Ranade, WSBA #34878
Mallory L. Satre, WSBA #50194
Zachary A. Cooper, WSBA #53526
Snell & Wilmer L.L.P.
600 University Street, Suite 310
Seattle, Washington 98101-3122
Telephone: 206.741.1420

The Honorable Frederick P. Corbit
Ch. 11
Hearing Date: October 14, 2025
Hearing Time: 10:00 a.m.
Response deadline: October 13, 2025
Location: ZoomGov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In re:

1 MIN LLC; HOTEL AT SOUTHPORT LLC; and TWELFTH FLOOR, LLC,

Debtors.

CHAPTER 11

Case No. 24-01519

DEWEI ZOU'S OMNIBUS REPLY IN SUPPORT OF (1) EMERGENCY MOTION TO STAY SETTLEMENT ORDER; (2) MOTION TO AMEND OF VACATE SETTLEMENT; AND (3) MOTION TO SHORTEN TIME

Dewei Zou submits this Omnibus Reply to the responses to his (1) Emergency Motion to Stay Settlement Order [ECF No. 231] ("**Motion to Stay**"); (2) Motion to Amend or Vacate Order Approving Settlement [ECF No. 232] ("**Motion to Amend**"); and (3) Motion to Shorten Time for Hearing on Motion to Stay [ECF No. 234] ("**Motion to Shorten Time**") (together, the "**Motions**").[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motions.

DEWEI ZOU'S OMNIBUS REPLY - 1

# I. INTRODUCTION

Three parties objected to the Motions: the Debtors, the EB-5 Plaintiffs, and WF Trust (together, the "**Objecting Parties**"). Their central argument is that Mr. Zou is not a creditor and has no claim because he did not commence a pre-petition lawsuit. Under their theory, no one with a right to payment is a bankruptcy creditor unless they sue the debtor before bankruptcy. Unsurprisingly, no one cites any authority for this extraordinary proposition. To the contrary, both the Bankruptcy Code and applicable case law establish the opposite: a party with a right to payment, even if it is disputed by the debtor, holds a claim and is a creditor.

The Objecting Parties concede that the Debtors never gave Mr. Zou notice of this bankruptcy. They excuse this procedural defect by arguing that he was not entitled to notice because he had not filed a pre-petition lawsuit. As a creditor—even a disputed one—Mr. Zou was entitled to the same notice and opportunity that the EB-5 Plaintiffs received. Mr. Zou's claim is identical to theirs, yet the Debtors never gave him notice and an opportunity to participate. When he reached out to the Debtors, they told him that he had no claim and should not participate.

To be clear, Mr. Zou does not object to the settlement in principle and does not dispute that settlement may have been reasonable and necessary to avoid burdensome litigation. However, it is a fundamental principle of bankruptcy law that similarly

DEWEI ZOU'S OMNIBUS REPLY - 2

SNELL & WILMER L.L.P.
600 University Street, Suite 310
Seattle, Washington 98101-3122
206.741.1420

24-01519-FPC11    Doc 243    Filed 10/13/25    Entered 10/13/25 13:10:00    Pg 2 of 10

situated creditors are treated equally. *Begier v. I.R.S.*, 496 U.S. 53, 58 (1990). Here, the Objecting Parties propose a settlement that allows some—but not all—identically situated creditors to receive a distribution from the Debtors' bankruptcy estate. What is more, they propose doing so without having given constitutionally required notice or any opportunity to the creditors who are being excluded from the distribution.

For these reasons, Mr. Zou respectfully requests that the Court stay the Settlement Order at the October 14 hearing and amend or vacate the Settlement Order at the October 22 hearing.

## II. AUTHORITY AND ARGUMENT

**A.  Mr. Zou Holds a Claim Regardless of Pre-petition Litigation**

It is undisputed that Mr. Zou's relationship with the Debtors is identical to the EB-5 Plaintiffs. Even so, the Objecting Parties contend that Mr. Zou does not hold a "claim" within the meaning of Section 101(5) and, therefore, is not a creditor. Their sole justification for treating Mr. Zou differently is that he has not sued the Debtors. No one cites any authority for this extraordinary distinction. This is unsurprising because that is not the law.

The Bankruptcy Code's definitions of "claim" and "creditor" do not turn on the commencement of pre-petition litigation. The Code defines a "claim" as:

DEWEI ZOU'S OMNIBUS REPLY - 3

SNELL & WILMER L.L.P.
600 University Street, Suite 310
Seattle, Washington 98101-3122
206.741.1420

24-01519-FPC11    Doc 243    Filed 10/13/25    Entered 10/13/25 13:10:00    Pg 3 of 10

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5). The Code defines a "creditor" as:

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or

(C) entity that has a community claim.

11 U.S.C.A. § 101(10).[2] Nowhere in these definitions does it require one to file a pre-petition lawsuit to obtain a claim or qualify as a creditor. Indeed, even a "disputed claim is still a 'claim' under [11 U.S.C.]§ 101(5)." *In re Fountain*, 612 B.R. 743, 748 (B.A.P. 9th Cir. 2020). The fact that the EB-5 Plaintiffs commenced a pre-petition lawsuit is not a valid basis for distinguishing them from Mr. Zou. He advanced the *exact same* amounts under the *exact same* conditions. If the EB-5 Plaintiffs hold allowed claims, so must Mr. Zou.

"Equality of distribution among creditors is a central policy of the Bankruptcy

---

[2] The term "entity" includes a person. 11 U.S.C. § 101(15).

DEWEI ZOU'S OMNIBUS REPLY - 4

SNELL & WILMER L.L.P.
600 University Street, Suite 310
Seattle, Washington 98101-3122
206.741.1420

Code. According to that policy, creditors of equal priority should receive pro rata shares of the debtor's property." *Begier*, 496 U.S. at 58. The Settlement Order allows the EB-5 Plaintiffs' claims in Class 4 of the Amended Plan. Mr. Zou stands in the same shoes. He is therefore entitled to the same treatment.

**B.      Mr. Zou Never Received Notice of the Bankruptcy Proceedings**

This sticky situation could have been avoided if the Debtors had provided notice to all EB-5 investors. Debtors must provide notice to "known or reasonably ascertainable creditors" that can be identified through reasonably diligent efforts. *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 489-90 (1988). "In chapter 11 cases, 'known' creditors are entitled to formal notice of the bankruptcy and claims date… Even contingent and disputed creditors must be scheduled[.]" *In re First Magnus Financial Corp.*, 415 B.R. 416, 422 (Bankr. D. Ariz. 2009).

Here, Mr. Zou was a "known" creditor on the Petition Date because his claim was reasonably ascertainable. The Debtors knew or should have known about him as well as the other 128 EB-5 investor-creditors because they knew the EB-5 Plaintiffs were asserting claims for funds advanced to fund the Southport hotel project. They knew or could have easily identified the other 129 EB-5 investors, including Mr. Zou, before the petition date. It does not matter that the Debtors disputed the validity of the claims until recently. Even a "disputed claim is still a 'claim' under [11 U.S.C.] § 101(5)." *Fountain*, 612 B.R. at 748.

DEWEI ZOU'S OMNIBUS REPLY - 5

SNELL & WILMER L.L.P.
600 University Street, Suite 310
Seattle, Washington 98101-3122
206.741.1420

The Debtors concede they never provided Mr. Zou notice of the bankruptcy. [ECF No. 236 at 4.] Rather than acknowledge and correct this constitutional error, the Objecting Parties appear to blame Mr. Zou for not filing a timely proof of claim or participating in the case after learning about it from the hotel manager. As an initial matter, their argument ignores the undisputed fact that Mr. Zou first became aware of the bankruptcy in April 2025—nearly five months *after* the claims bar date and plan confirmation. When he inquired about filing a claim, the Debtors' attorneys told him he was not a creditor and need not file a claim. Mr. Zou is not a lawyer. He relied on the legal advice he received at the time.

Mr. Zou learned of the Settlement Motion and the related hearing only through a timely PACER search. At that point, he did not have sufficient time to review and evaluate the voluminous bankruptcy filings or prepare an objection. Any suggestion that he "sat on his rights" is therefore unfounded.

C.  **Cause Exists to Grant the Motions**

   1.  **The Motion to Amend**

Mr. Zou's claim is indistinguishable from the EB-5 Plaintiffs, yet he received no notice and was denied an opportunity to participate. Enforcing the Settlement as-written would violate 11 U.S.C. § 1123(a)(4) and the fundamental principle that creditors must receive equal treatment. *See Begier*, 496 U.S. at 58. The Court should therefore amend the Settlement Order to correct a "manifest error of law" and to

DEWEI ZOU'S OMNIBUS REPLY - 6

SNELL & WILMER L.L.P.
600 University Street, Suite 310
Seattle, Washington 98101-3122
206.741.1420

24-01519-FPC11    Doc 243    Filed 10/13/25    Entered 10/13/25 13:10:00    Pg 6 of 10

prevent "manifest injustice."

The Court should also vacate the Settlement Order under Fed. R. Civ. P. 60(b). The Settlement Order was the product of surprise or excusable neglect. Known creditors have a constitutional due process right to notice and an opportunity to participate in the proceedings. *In re Maya Constr. Co.*, 78 F.3d 1395, 1399 (9th Cir. 1996). The Debtors never gave Mr. Zou notice and a reasonable opportunity to participate in this bankruptcy case.

The Objecting Parties accuse Mr. Zou of sitting on his rights. There are three fatal flaws in this contention. First, Mr. Zou did not learn about the bankruptcy at all until some five months after the claims bar date. Second, when he inquired with the Debtor after learning about it, he was advised that he is not a creditor and should not file a proof of claim. He relied on that advice to his apparent detriment. Third, the Objecting Parties' argument improperly shifts the burden to Mr. Zou. "The burden is on the debtor to cause formal notice to be given; the creditor who is not given notice, even if he has actual knowledge of reorganization proceedings, does not have a duty to investigate and inject himself into the proceedings." *Id*. Enforcement of the Settlement Order in its present form and in these circumstances is unjust to Mr. Zou and the other 128 EB-5 investors who never received notice of this bankruptcy. Equity and due process principles strongly favor relief, and any prejudice to the Objecting

DEWEI ZOU'S OMNIBUS REPLY - 7

SNELL & WILMER L.L.P.
600 University Street, Suite 310
Seattle, Washington 98101-3122
206.741.1420

24-01519-FPC11   Doc 243   Filed 10/13/25   Entered 10/13/25 13:10:00   Pg 7 of 10

Parties is minimal. Cause exists to amend or vacate the Settlement Order to ensure compliance with the Bankruptcy Code and protect Mr. Zou's constitutional rights.

### 2. The Motion to Stay

A stay of the Settlement Order is warranted pending adjudication of Mr. Zou's Motion to Amend or Vacate. Without a stay, the Debtor will distribute estate assets under the Settlement Agreement to the other Objecting Parties, leaving no property to make pro rata distributions to Mr. Zou (and the other 128 EB-5 investor-creditors who have been excluded from the Settlement Agreement and Amended Plan). This would render later relief ineffective. Mr. Zou acted promptly after discovering the Settlement Order, and the Debtors will retain the settlement funds during the pendency of any stay. There is no prejudice to the Objecting Parties. Courts routinely grant stays under these circumstances to preserve the status quo and protect creditor rights.

### 3. The Motion to Shorten Time

The Court should shorten time for hearing on the Motion to Stay to October 14. Although Mr. Zou requested an earlier hearing, the soonest date he could obtain for a hearing was October 14, due to the Court's availability. Accordingly, parties-in-interest were afforded 18 days of notice, which is only three days short of the full measure of notice required by local rules. The Objecting Parties have already filed substantive objections to the Motions, and Mr. Zou is not aware of any other additional objections. Immediate consideration is necessary to prevent irreparable harm to his

DEWEI ZOU'S OMNIBUS REPLY - 8

SNELL & WILMER L.L.P.
600 University Street, Suite 310
Seattle, Washington 98101-3122
206.741.1420

24-01519-FPC11    Doc 243    Filed 10/13/25    Entered 10/13/25 13:10:00    Pg 8 of 10

interests and ensure that he has an opportunity to be heard before distributions are made. Accordingly, cause exists to grant the Motion to Shorten Time.

**4. The Court should not require a bond for the stay.**

"The purpose of the bond is to indemnify the party who was successful in the Bankruptcy Court against loss caused by an attempt to reverse the decision upon appeal." *In re Blixseth*, 509 B.R. 701, 705 (Bankr. D. Mont. 2014) (*citing In re Theatre Holding Corp.*, 22 B.R. 884, 885 (Bankr. S.D.N.Y. 1982) and *In re Swift Aire Lines, Inc..*, 21 B.R. 12 (9th Cir. BAP 1982)).

WF Trust requests a $6 million bond if the Court grants a stay. But the Objecting Parties will incur no loss if the Settlement Order is appealed. For example, there is no stay of execution and risk of non-collection, as would exist with a money judgment. The Debtors will simply retain the $6 million settlement payment while the Motion to Amend (or appeal) is pending. If Mr. Zou is unsuccessful, the funds can be disbursed without any loss. Accordingly, no bond is necessary.[3]

**III. CONCLUSION**

For the foregoing reasons, Mr. Zou respectfully requests that the Court (i) grant

---

[3] If the Court is inclined to require a bond, it certainly should not be for $6 million. Rather, it should be limited to an actual, identifiable loss that could be incurred as a result of the stay. The Objecting Parties have not identified any such losses.

DEWEI ZOU'S OMNIBUS REPLY - 9

SNELL & WILMER L.L.P.
600 University Street, Suite 310
Seattle, Washington 98101-3122
206.741.1420

the Motion to Shorten Time; (ii) impose a stay pending adjudication of Mr. Zou's Motion to Vacate or Amend and potential appeal; and (3) amend or vacate the Settlement Order.

DATED: October 13, 2025  SNELL & WILMER L.L.P.

By: */s/ Amit D. Ranade*
Amit D. Ranade, WSBA #34878
Mallory L. Satre, WSBA #50194
Zachary A. Cooper, WSBA #53526
Snell & Wilmer L.L.P.
600 University Street, Suite 310
Seattle, Washington 98101-3122
Telephone:   206.741.1420
aranade@swlaw.com;
msatre@swlaw.com;
zcooper@swlaw.com
Attorneys for Creditor
Dewei Zou

4896-9704-2542

DEWEI ZOU'S OMNIBUS REPLY - 10

SNELL & WILMER L.L.P.
600 University Street, Suite 310
Seattle, Washington 98101-3122
206.741.1420

24-01519-FPC11    Doc 243    Filed 10/13/25    Entered 10/13/25 13:10:00    Pg 10 of 10